People ex rel. City of New York, Petitioner, *v.* Public Service Commission for the First District and Newtown Gas Company, Defendants.

(Supreme Court, New York Special Term, August, 1918.)

Public service commission — power to open case on its own motion — certiorari — gas companies.
Prohibition — when writ of, will not lie — parties — jurisdiction of public service commission.

> Where the public service commission in the first district, about a year after the determination of hearings in a proceeding instituted upon the complaint of a number of the patrons of a gas company asking for a reduction in the price of gas furnished to them, denies an application to reopen the proceeding and makes an order fixing the rate to be charged by the company for gas sold by it in the territory involved at eighty-five cents per 1,000 cubic feet as a maximum, but because of a writ of certiorari coupled with a stay pending the determination of the writ the consumers have been paying at the rate of one dollar per 1,000 cubic feet and a special deposit of fifteen per cent of such payment has been held in trust pursuant to an order of the court, said commission has power to reopen the case on its own motion without request or complaint of the company, the city of New York or the complaining consumers.
>
> A writ of prohibition, therefore, will not lie at the instance of said city, or of the consumers, in anticipation of a decision by the commission based upon an allegation that the contemplated decision is not within the jurisdiction of the commission to promulgate.

Application of the corporation counsel of the city of New York, through an order to show cause, for a writ of prohibition against the public service commission for the first district and the Newtown Gas Company.

John P. O'Brien and A. Judson Hyatt, assistant corporation counsel, for city of New York and motion.

William L. Ransom and Harry M. Chamberlain, for public service commission, in opposition

George J. Rhodius, for interested consumers.

McAvoy, J.   The city of New York asks for the issuance of a writ of prohibition of this court directed against the public service commission for the first district and the Newtown Gas Company, by which further action or proceeding in the matter of reopening and continuing a certain case before the commission, known as Case No. 1610, will be prevented.   The case which it is sought to prohibit the commission from deciding involves the rate charged by the Newtown Gas Company to its general consumers of gas. The case was begun on complaint of a great number of consumers, who asked for a reduction in the price of gas furnished to such consumers by the company, on January 28, 1913.   With considerable lapses in the progress of the hearings, by stipulation and consent, the hearings were terminated in July, 1915.   On May 25, 1916, after the company had made application to the commission for a reopening of the proceedings, and such application had been denied, the commission made its order fixing the price to be charged by the company for gas sold by it in the territory involved at eighty-five cents per 1,000 cubic feet as a maximum. This order was to take effect July 1, 1916, but, by reason of a writ of certiorari, coupled with a stay pending the hearing and determination of such writ, the consumers have been paying at the rate of one dollar per 1,000 cubic feet, and a special deposit of fifteen per cent of such payment has been held in trust pursuant to order of the court.

On March 4, 1918, without notice to the consumers of gas furnished by the company, on whose complaint

· Case No. 1610 was instituted, the commission made an order reopening the case on its own motion. There was preliminary objection to the reopening of the case, but such objections as were made were overruled, and hearings proceeded, in which the city of New York, without formally appearing in the proceeding for the complaining consumers, appeared and participated.

The commission's order reopening the case recites "that the case be and it is hereby reopened for the further taking of testimony on all or any of the issues herein, and that inquiry be made by the commission whether by reason of changed and unanticipated conditions, operative from the date the said order of May 25, 1916, was to take effect, to wit, July 1, 1916, the said order ought not to be changed, modified or abrogated, and if so the date or dates as of which such modification or any new or changed rate fixed thereby should be made effective."

It is asserted by the city that this order of the commission is wholly without jurisdiction; that the particular power sought to be exercised has no basis anywhere in the language of the statute from which the power of the public service commission is derived, and cannot be necessarily implied therefrom, and that any order, decision, determination or ruling reopening such case is wholly without warrant and in law a nullity. Upon this position the city's claim must stand or fall, because if there be a jurisdiction in the public service commission over the subject matter here involved, to wit, the rate charged for gas by the company whose prices are sought to be fixed herein, then the writ of prohibition will not lie, even if the commission "threaten" to issue an invalid or illegal order.

It must be now admitted that this judicial process

will not lie except to prevent an unwarranted assumption of jurisdiction by a judicial or *quasi* judicial tribunal. If, then, warrant may be found in the statutory prescription of the commission's authority for the proceeding now sought to be restrained, a full answer to the demand is immediately available. No point is made that the commission has not general jurisdiction over the person or entity of the defendant the Newtown Gas Company; that it is a gas corporation within the meaning of that term, used in the Public Service Commissions Law (§ 2, subd. 9), and that it is engaged in the operation of a gas plant within the meaning of that term, as used in the same law (§ 2, subd. 10). The rates chargeable by a gas company over whom the commission exercises its jurisdiction are likewise, without any doubt, clearly subject matter within the jurisdiction of such commission.

If, therefore, under any or in any of the sections conferring power upon this commission with respect to its method of determining what is a just maximum rate to charge for gas by this defendant company, there be either express or implied right of the commission to proceed to ascertain the facts upon which a judgment should be based, then there is no need of further investigation of the questions presented upon this argument. The question of jurisdiction, in other words, is settled by the nature of the proceeding, and not by the anticipated decision which it is said they are about to render. If the commission errs in its law or procedure, such error must be corrected by appeal or by writ of certiorari or other review, as the law provides. *People ex rel. Patrick* v. *Fitzgerald,* 73 App. Div. 245.

Lately it has been pointed out that it is well within the authority and principle of a wise judicial policy to state that the writ will not be allowed to guard

Supreme Court, August, 1918. [Vol. 104.

against a future apprehended error of an inferior tribunal when such tribunal upon due objection may not commit such error, and, if it does commit it, the aggrieved party may be fully and adequately protected by ordinary process of appeal or review of the apprehended action. *People ex rel. Ballin* v. *Smith,* 184 N. Y. 98. It is, of course, true that a *quasi* judicial body of limited jurisdiction can exercise no power not expressly or impliedly conferred upon it, nor can it act in excess of its powers upon matters over which it has general jurisdiction. This rule has been construed to mean that officers of special and limited jurisdiction cannot sit in review of their own orders or vacate or annul them. *People ex rel. Chase* v. *Wemple,* 144 N. Y. 478; *People ex rel. Hotchkiss* v. *Supervisors,* 65 id. 222. It is familiar, too, to constructionists that where power to do a certain act is conferred upon a public officer or body, when action has once been had under the power, it is final, and may not be repealed, reversed or annulled by the same officer or body, however erroneous or unjust. *People ex rel. Hotchkiss* v. *Supervisors, supra.*

The city's position is, therefore, that the commission has now no express power to reopen a rate-making case in which it has previously made a final determination. Article 4 of the Public Service Commissions Act (Laws of 1910, chap. 480) contains the special provision relating to gas corporations, and under sections 66, 71 and 72 thereof must be found the power prescribed by the legislature for the regulation of the methods of ascertainment of the reasonable price to be charged consumers for gas. I do not believe that it was intended by section 22 to confer upon the commission the power to order a rehearing upon its own motion; but that under that section a rehearing in respect to any matter theretofore determined by the

commission may only be granted on application by any party interested. Under section 66 there is no specific grant of power under which a rehearing may be said to be authorized. Under section 71, where complaint is made as to the price of gas, the commission is authorized originally to begin investigation, and examine and inquire into the affairs of the corporation complained of, pertaining to the manufacture, sale and supplying of such gas.

Under section 72 the method of notice to the company complained of and the method of conduct of the hearing and provisions respecting the order fixing the price of gas or requiring an improvement are set forth. In section 72 it is enacted: "After a hearing and after such an investigation as shall have been made by the commission or its officers * * * the commission within lawful limits may, by order, fix the maximum price of gas * * * not exceeding that fixed by statute to be charged by such corporation or person, for the service to be furnished. * * * The price fixed by the commission under this section, or (now read ' and ') under subdivision five of section sixty-six shall be the maximum price to be charged by such person, corporation or municipality for gas * * * to be furnished within the territory and for a period to be fixed by the commission in the order, not exceeding three years. * * * and thereafter until the commission shall, upon its own motion or upon the complaint of any corporation, person or municipality interested, fix a higher or lower maximum price of gas * * * to be thereafter charged. In determining the price to be charged for gas * * * the commission may consider all facts which in its judgment have any bearing upon a proper determination of the question * * *." In this section there is an express warrant made out for a rehearing or reopening of the proceeding, under

the clause "the price fixed by the commission under this section * * * shall be the maximum price to be charged by such person, corporation or municipality for gas * * * to be furnished within the territory and for a ·period to be fixed by the commission in the order, not exceeding three years * * * and thereafter *until* the commission shall, *upon its own motion,* * * * fix a higher or lower maximum price of gas * * * to be thereafter charged."

It is obvious that it is not the intent of the legislative mind that the commission shall thereafter, upon its own motion, fix a maximum price for gas upon the expiration of the period prescribed in its earlier order without a reopening of the case and rehearing of the merits of the controversy, and the taking of such additional evidence as may then be offered by both the consumers and the company proceeded against.

The conclusion that this is so seems to be irresistible from the context of section 72, as I have outlined it. It can hardly be said, then, as the city asserts in its brief, that there is not a word or syllable expressing any provision or power for the reopening of a rate-making case in which a final determination was made fixing the price of gas. Sections 66 and 72 are inter-dependent, as was lately held in the *Municipal Gas Company of Albany* case,* the one prescribing the general powers of the commission with respect to jurisdiction, and the other setting forth the concrete method of conducting a gas rate case through the various stages of proceeding necessary for a valid final order or a refixation of the price after the expiration of the time during which the commission judges it expedient to enforce the rate first determined.

---

* See *People ex rel. Municipal Gas Co.* v. *Public Service Comm.,* 224 N. Y. 165.—[Repr.

The real reason which the city urges on behalf of the consumers is that the commission has no power to reopen and continue a rate proceeding in which a final order was made for the predetermined purpose of abrogating or modifying such final order by a retroactive order. That the commission intends or has predetermined its right to abrogate the original order and make its new order retroactive is disclaimed in the affidavits submitted in behalf of the commission. It is alleged that the only purpose of the commission is to develop the full facts, and then take such action, if any, as the facts may be found to warrant. It will not be assumed that the commission intends to make its order retroactive merely because it has been debated before the commission at its hearing whether such power exists or not, and whether its order to be made on the reopened proceedings is retroactive or prospective is a matter subject to review only after it has been made.

Prohibition, as is pointed out earlier in this opinion, will not lie to restrain a judicial body or *quasi* judicial tribunal from making an erroneous decision, even though such a decision be fully and satisfactorily indicated to the court as contemplated by the alleged offending body. It seems to me, therefore, that it is not pertinent to discuss the grounds of expediency urged in the city's brief, upon which a preventive order is sought, based wholly upon an alleged contemplated decision which it is claimed will be erroneous and without the power of the commission to promulgate.

I decide, therefore, that the commission had power to reopen Case No. 1610 on its own motion, without the request or complaint of the company, the city or complaining consumers; that a writ of prohibition will not lie at the instance of the city of New York or the

Supreme Court, August, 1918. [Vol. 104.

consumers in the anticipation of a decision by the commission based upon an allegation that the contemplated decision is without the power of the commission to promulgate.

I do not decide that the city of New York is without standing to seek a writ of prohibition to litigate this question, said city being at no time a party to or participant in the proceeding in its corporate entity, and the rate charged the city for gas being in nowise involved, because, while there is some doubt about this question, I prefer to base my decision on the merits as I have outlined them, rather than upon the standing of the party urging the motion. I do not decide whether the public service commission would have the power to make an order changing or abrogating its order of May 25, 1916, as of that date or of some subsequent date, so as to make such order retroactive, because such a question is not raised by a writ of prohibition, nor can it be well determined in advance of the making of the order itself. I have considered the position of the city of New York as that of a representative of the consumers, and all the views expressed with respect to the lack of grounds for the issuance of a writ of prohibition would apply equally were the writ sought for in behalf of the complaining consumers who have appeared in the proceeding.

Motion denied.