In the Matter of FAYETTEVILLE CEMETERY ASSOCIATION, Petitioner, against JOHN E. McGARRY, as Chairman of the Unemployment Insurance Appeal Board of the Department of Labor of the State of New York, Respondent, and J. EDWARD MEAGHER, Claimant-Respondent.

Supreme Court, Special Term, Onondaga County, June 9, 1952.

*James P. Burns, Jr.,* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown and Francis R. Curran* of counsel), for respondent.

RINGROSE, J. This is a proceeding under article 78 of the Civil Practice Act in the nature of prohibition brought by the Fayetteville Cemetery Association to restrain the Unemployment Insurance Appeal Board from reopening, reconsidering, remanding or interfering with a decision of an unemployment insurance referee holding that J. Edward Meagher was not entitled to unemployment insurance benefits as an employee of the petitioner during the base year 1947, and that the petitioner was an exempt employer.

The basic facts leading up to the present controversy are not in dispute. A brief summary thereof follows:

The petitioner was incorporated as a nonprofit corporation by a certificate dated on April 1, 1864, and recorded in the Onondaga County Clerk's Office on April 6, 1864. It is non-sectarian and operated for the mutual benefit of the owners of lots in its burial plot, and has an office and principal place of business in the village of Fayetteville, County of Onondaga, New York.

J. Edward Meagher was employed by the petitioner during portions of the year 1947, and on December 15, 1948, filed a claim for benefits under the Unemployment Insurance Law (Labor Law, art. 18) based on the claim of employment by the petitioner during the calendar year 1947.

The Industrial Commissioner made an initial determination that the claimant was ineligible for benefits under the law as the petitioner had never filed wage reports with the Division of Placement and Unemployment Insurance, and consequently there was no record of claimant's employment by an employer subject to the law.

The claimant requested a hearing before an unemployment insurance referee, which was granted. Thereafter, the Division of Placement and Unemployment Insurance caused an examination to be made of the books of the petitioner by a payroll examiner, who reported that it appeared from the records that the association had employed four or more persons within each of thirteen or more calendar weeks during the year 1935, and was therefore liable under the law as an employer from January 1, 1936.

On January 30, 1949, the petitioner filed a '' Report to Determine Liability under New York State Unemployment Insurance Law '' wherein it recited the employment of four or more employees in 1935 for at least thirteen weeks. In that report no exemption from operation of the law was claimed by the petitioner on the ground that it was operated exclusively for religious, charitable, scientific, literary or educational purposes.

On March 21, 1949, the Industrial Commissioner made a determination based upon the payroll examiner's report and upon the information contained in the petitioner's '' Report to Determine Liability '', that the petitioner is an employer liable for contributions since January 1, 1936.

Next in sequence was a letter under date of March 30, 1949, in which the petitioner advised the Division of Placement and Unemployment Insurance in substance, that only two men were steadily employed by it and those occasionally. This letter was construed by the Division of Placement and Unemployment Insurance as a demand for a hearing before a referee, pursuant to subdivision 2 of section 620 of the Unemployment Insurance Law.

Notices of a hearing to be held in the city of Syracuse, New York, on July 5, 1949, at 2:00 P.M. were sent to the interested parties. It is important in this connection to bear in mind that the claim of J. Edward Meagher and the liability

of the petitioner as employer were separate and distinct proceedings, the former identified as case No. 41–120–49 R, and the latter case No. E295–49R.

Upon the request of the attorneys for the petitioner the hearing was adjourned from the date originally scheduled to July 15, 1949, at which time the two were combined for hearing purposes and evidence was submitted as to the number of employees employed by the petitioner.

A decision was handed down on August 18, 1949, in the *Meagher* case, wherein the referee found: " During the year 1947, claimant worked for the Fayetteville Cemetery Association of Fayetteville, New York. Claimant had no convincing evidence to show that this employer was subject to the Unemployment Insurance Law during the base year 1947. The Fayetteville Cemetery Association was not subject to the Law in 1947, as it is an exempt employer."

Upon the foregoing finding the referee held:

"*Opinion and Decision:* Claimant did not have earnings in covered employment in the base year 1947 while working for the Fayetteville Cemetery Association of Fayetteville, New York. He remains ineligible.

" The initial determination is hereby sustained."

In the petitioner's case (No. E295–49R) a decision was handed down on June 25, 1951, in which the referee found in part as follows: " The employer did have four or more employees during 13 weeks of the year 1935 and, therefore, became subject to the Law as of January 1, 1936. Section 560.4 of the Unemployment Insurance Law provides that in order for an employer to be exempt from the provisions of the Law, the employer must be organized and operated exclusively for charitable purposes. This employer was not organized or operated exclusively for charitable purposes."

The decision therein reads: " *Opinion and Decision:* The employer not having been organized and operated exclusively for charitable purposes, is not exempt from the provisions of the Unemployment Insurance Law, although no profit inures to any individual. Even though the Referee in this case feels that burial of the dead may be a charitable act in certain instances, under the interpretation of the Law it does not appear that this employer was exempt."

Meagher did not appeal from the referee's decision in his case. An appeal was perfected by the petitioner from the decision adverse to it.

On July 5, 1951, counsel for the Division of Placement and Unemployment Insurance requested the appeal board to reopen the decision of the referee in Meagher's case. Due to the inconsistency in the two decisions, the appeal board reopened both cases and rescinded both decisions and ordered the cases remanded to the referee for a rehearing upon notice to the parties and directed that the referee render a new decision. Notices were served on all parties for a hearing scheduled to be held in the city of Syracuse, New York, on February 18, 1952, which was stayed by the instant proceeding.

The petitioner contends that the Unemployment Insurance Appeal Board was without authority to reopen and remand the petitioner's case to a referee for a hearing *de novo*. Both parties rely upon the provisions of the Labor Law to sustain their respective contentions. Subdivision 3 of section 620 of title 8 provides:

" 3. Decisions. Every hearing as herein provided for shall be held by a referee who shall render his decision within five days after the hearing is concluded. Written notice of the referee's decision, containing the reasons therefor, shall be promptly given to the claimant or employer, to the commissioner, and to any party affected thereby who appeared at the hearing.

" The decision of a referee shall be deemed the decision of the appeal board from the date of the filing thereof in the department, unless an appeal is taken from such decision to the board in accordance with the provisions of this article or unless the board on its own motion or on application duly made to it modify or rescind such decision."

Subdivisions 2 and 3 of section 621 of title 8 (prior to the amendment by L. 1951, chapter 645) provided:

" 2. Contested determinations, rules or orders. Within twenty days after the mailing or personal delivery of notice of the decision after a hearing on contested determinations, rules, or orders by the commissioner, the employer may take an appeal to the appeal board by filing a notice of appeal with the commissioner, and the commissioner may likewise within such period take an appeal to the board by giving written notice thereof to the employer.

" 3. Conduct of appeals. The appeal board may decide any case appealed to it under any provision of this article on the basis of the record and of evidence previously submitted in such case, or it may in its discretion hear argument or hold a further hearing, or remand such case to a referee for such purposes as it may direct."

The issue, therefore, is whether the expiration of the twenty-day limitation on the right to appeal also operates as a bar to the action of the appeal board in rescinding on its own motion the decision of the referee in the employee's case and remanding it for a further hearing.

It is axiomatic that where the jurisdiction conferred by statute has been invoked and exhausted, no authority remains to rehear and redetermine the same issue between the same parties, except as the decision may be challenged on the ground of fraud, collusion or lack of jurisdiction. (*Matter of Murray* v. *Teachers' Retirement Bd.*, 258 N. Y. 389, 393; *People* v. *Sutherland*, 207 N. Y. 22, 27; *Osterhoudt* v. *Rigney*, 98 N. Y. 222, 234; *People ex rel. City of New York* v. *Public Service Comm.*, 104 Misc. 306, 309, 310.) The foregoing authorities adequately illustrate the application of this general rule although the decisions are numerous where it has been applied, as reference to the digests will confirm. The determination of this question is not essential or appropriate, however, to the disposition of this proceeding.

Although the procedural distinctions identifying writs and orders of certiorari, mandamus and prohibition, have been abolished, the forms of relief available thereunder are preserved in article 78 of the Civil Practice Act. The technicalities of procedure, which not infrequently defeated the right to the remedy, have been eliminated. (Third Annual Report of N. Y. Judicial Council, 1937, p. 133; *Toscano* v. *McGoldrick*, 300 N. Y. 156.)

Prohibition, therefore, remains available to restrain a lower court or a tribunal exercising quasi-judicial functions from exceeding its jurisdiction. (*Matter of Culver Contr. Corp.* v. *Humphrey*, 268 N. Y. 26, 39.) Further it was said in the authority last cited (pp. 34–40): " The writ does not issue where the grievance can be redressed by ordinary proceedings at law or in equity or merely to prevent error which may be readily corrected on appeal. (*People ex rel. Mayor* v. *Nichols*, 79 N. Y. 582; *People ex rel. Hummel* v. *Trial Term*, 184 N. Y. 30; *People ex rel. Livingston* v. *Wyatt, supra* [186 N. Y. 383]; *People ex rel. Childs* v. *Extraordinary Trial Term*, 228 N. Y. 463.) It is not available ordinarily as a method of premature appeal. Nevertheless, where the lower court is exceeding its jurisdiction and the writ or order furnishes a more effective remedy, it may be availed of although the error might be corrected by appeal."

It is to be observed that prohibition is a drastic remedy and sparingly granted, and then generally only in those cases where no other remedy is available, or where the circumstances are such that to withhold the relief would operate as a denial of justice. (*Matter of City of New York* v. *Maltbie,* 248 App. Div. 36, 38, affd. 274 N. Y. 464; *Matter of Hogan* v. *Supreme Court of State of New York,* 258 App. Div. 174, 176, revd. on other grounds, 281 N. Y. 572.)

In the event the result on a rehearing is unfavorable to the petitioner, its rights are adequately protected by section 624 of the Unemployment Insurance Law which authorizes an appeal from the decision of the referee to the appeal board and from a decision of the latter to the Appellate Division of the Supreme Court, Third Department.

The motion is, therefore, denied on the law, without costs.

Ordered accordingly.