YOUNG ISRAEL OF SCARSDALE, Appellant, *v.* BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW ROCHELLE et al., Respondents.

Second Department, May 4, 1972.

52

*Kaye, Scholer, Fierman, Hays & Handler* (*Michael Malina* and *Randolph S. Sherman* of counsel), for appellant.

*Francis S. Claps, Corporation Counsel* (*Maxwell E. Charat* of counsel), for respondents.

*Julius Berman* for National Jewish Commission on Law and Public Affairs and others, *amici curiae.*

SHAPIRO, J. The petitioner, a recently formed congregation of Orthodox Jews, which has approximately 30 members, was incorporated in 1970 under the Religious Corporations Law. On August 28, 1970 it purchased a one-family home in a residential district in the City of New Rochelle for use as a residence for the Rabbi and a synagogue for the congregation. Such use is permitted in a residential district under the Zoning Ordinance of the City of New Rochelle. The petitioner's intention was to maintain a synagogue in the building for a period not exceeding two years, by which time it hoped to have accumulated sufficient funds for the acquisition of a permanent home.

On November 10, 1970 the respondent Building Regulations Administrator denied the petitioner's application for a certificate of occupancy for failure to comply with side and rear yard

and on-site parking requirements of the ordinance. On February 23, 1971 the Board of Appeals on Zoning adopted a resolution granting a variance from these requirements and permitting the issuance of a certificate upon compliance with local and State laws governing building, health and safety.

However, the petitioner's application for a certificate of occupancy was once again denied by the Administrator, this time for its failure to comply with requirements of the Building Code concerning ceiling height and stair tread width and with a requirement which, in effect, prohibited the use of a frame structure for purposes of public assembly (New Rochelle Building Code, §§ 603.1a, 705.1, 504.3). The petitioner again appealed, this time to the respondent Board of Standards and Appeals (hereinafter referred to as the "Board"). Section 109.1 of the Building Code authorizes the Board to grant variances in cases where there are "practical difficulties involved in carrying out structural or mechanical provisions," but only upon the application of a professional engineer or registered architect, who must indicate by affidavit that a grant of the variance will not endanger public safety. The petitioner's application was submitted by a registered architect and it recited, among other things, that fire rated separations would be provided between occupancies, an additional exit would be constructed and the boiler room would be enclosed.

On June 29, 1971, following a public hearing, the Board adopted a resolution granting the petitioner variances from the above-noted requirements, but directed that the certificate of occupancy to be issued be limited to a period not to exceed two years. On July 2, 1971 the Corporation Counsel of the City of New Rochelle rendered a letter-opinion to the Board advising it that in granting the variance it had exceeded its powers in that "you have granted conditional variances not authorized in any sections of the Building Code and that, in effect, you have granted variances for uses rather than for methods of construction or types of materials."

Following the receipt of this letter the Board once again reconvened in public session on August 24, 1971 and adopted a resolution denying the petitioner's application for variances, without reference to its resolution of June 29, 1971, which had granted the variance upon a condition. In effect, it thereby annulled the prior resolution.

This court is in unanimous agreement that the Board was authorized to reconsider the petitioner's application and to rescind its resolution of June 29, 1971 *only* if in granting the

variances in the first instance it had exceeded its jurisdiction (see *Matter of Fayetteville Cemetery Assn.* v. *McGarry,* 202 Misc. 141; Anderson, Zoning Law and Practice in New York State, § 20.29; 2 Rathkopf, Law of Zoning and Planning, p. 46–4; 1 N. Y. Jur., Administrative Law, § 155).*

The entire court is also in agreement that if the Board was not acting in excess of its jurisdiction, it could validly condition the granting of the variances upon the issuance of a temporary — two-year — certificate (cf. *Matter of Hopkins* v. *Board of Appeals of City of Rochester,* 179 Misc. 325, 333; Anderson, Zoning Law and Practice in New York State, § 18.43; 8A McQuillin, Municipal Corporations, § 25.233).

At that point our unanimity ends for I disagree with the conclusion in the dissenting opinion that the Board was without power to authorize use of the basement of the building for synagogue purposes. In my opinion the variances granted by its resolution of June 29, 1971 involved structural provisions of the Building Code. In thus acting upon the basis of the architect's affidavit the Board necessarily determined that the variances would not jeopardize public safety. There are no facts contained in this record from which we may infer that such conclusion was erroneous.

The Corporation Counsel was of the opinion that the Board could not issue a conditional variance or a use variance (the latter objection apparently predicated upon section 7.2 of the Building Code, which bars " any change in the use of an existing building " until a certificate of occupancy shall have been applied for and issued). He did not assert, and the Board did not find, that public safety would be jeopardized by a grant of the variances. In the absence of any evidence to that effect we may not hold that the Board was without jurisdiction to pass upon and grant the variances.

Use of the basement once or twice a week as a place of worship for a gathering of 30 persons presents less of a risk of fire than is present at cocktail parties and other similar gatherings held in comparable frame dwellings. In holding that the use of a frame building for purposes of public worship at all times, and in all fact situations, creates a danger to public safety, my dissenting brethren are improperly passing upon a question

---

* In this regard the powers of a Board of Appeals in a city are controlled and limited by sections 81 and 82 of the General City Law. The Village Law (§ 179-b) is to the same effect. Contrariwise, the Town Law (§ 267, subd. 6) permits such a board to rehear and reconsider its previous determinations.

left by the Building Code to the Board for its resolution on the basis of the facts and circumstances of each particular case.

Questions as to the validity of the administrative discretion exercised in granting the variances, the absence of specific findings, and the sufficiency of the evidence before the Board would be relevant in a proceeding to review the determination of June 29, 1971, but are not within the purview of the instant appeal.

Since the Board acted within its jurisdiction in granting the variances on June 29, 1971, it was without power to rescind or annul them either overtly or impliedly by its subsequent resolution (General City Law, § 82). The order appealed from should therefore be reversed, on the law, without costs, and the petition granted.

BENJAMIN, J. (dissenting). Section 504.3 of the New Rochelle Building Code prohibits the use of a frame structure as a place of public assemblage or a place of worship. Section 109.1 of that code empowers the Board of Standards and Appeals to grant variances "when there are practical difficulties involved in carrying out structural or mechanical provisions of this Code."

The building here involved is a frame structure and the variance originally granted by the Board would have permitted its use as a place of worship in violation of section 504.3. Clearly, the prohibition against use of a frame building (neither fireproof nor fire-resistant) as a place of worship or public assemblage was aimed at public safety and the protection of gatherings of people from the hazards of fire in a highly flammable structure. Clearly, this prohibition involves a much greater peril to public safety and welfare than the mere "structural or mechanical" requirements of the code which the Board is authorized to vary. No matter what modifications of the building were required by the Board as a condition for the grant of the subject variance, it would still remain a flammable frame building and a danger to public safety if used as a place of worship wherein groups of people would congregate.

In my view, the prohibition against use of a frame building as a place of worship is much more than a "structural" requirement of the code which the Board can vary. It is a flat outlawing of such use, which the Board may not permit to be violated through the device of a variance. Hence, the original grant of a variance for such use was beyond the Board's jurisdiction; the Board consequently had the power thereafter to

rescind that variance; and its determination to rescind was proper.

Accordingly, the Special Term correctly denied the petition and its judgment should be affirmed.

MUNDER, Acting P. J., and MARTUSCELLO, J., concur with SHAPIRO, J.; BENJAMIN, J., dissents and votes to affirm, in an opinion, in which CHRIST, J., concurs.

Judgment reversed, on the law, without costs, petition granted; determination of respondent Board of Standards and Appeals, dated August 24, 1971, annulled; and respondent Building Regulations Administrator directed to issue a certificate of occupancy to petitioner.