574 P.2d 874 (1977)
Bauldie MOSCHETTI, Plaintiff-Appellant,
v.
The BOARD OF ZONING ADJUSTMENT OF the CITY OF BOULDER and the members thereof, to-wit, Robert C. Knapple, Chairman, Carolyn Hoyt, Harold F. Flowers, Roger M. Burton, Burt Wadman, the City of Boulder, a Colorado Municipal Corporation, C. D. Carter, as Building Official of the City of Boulder, Archie Twitchell, as City Manager of the City of Boulder, Nolan L. Rosall, as Coordinator of Community Development of the City of Boulder, Defendants-Appellees.
No. 76-872.
Colorado Court of Appeals, Division II.
October 20, 1977.
As Modified on Denial of Rehearing November 25, 1977.
Certiorari Denied February 21, 1978.
Dietze & Davis, Peter C. Dietze, Boulder, for plaintiff-appellant.
Walter L. Wagenhals, City Atty., Katherine T. Coolidge, Mary Grumbine, Asst. City Attys., Boulder, for defendants-appellees.
RULAND, Judge.
Plaintiff, Bauldie Moschetti, appeals from a judgment of the district court denying his request pursuant to C.R.C.P. 106(a)(4) for an order prohibiting the defendants City of Boulder, the Board of Zoning Adjustment, City Manager, and the Coordinator of Community Development from rehearing his application for a variance from the sign code. We affirm.
The record reflects the following sequence of events. Moschetti sought, and on September 11, 1975, the Board granted him a variance from the applicable provisions of the Boulder City Charter for an existing sign. In conjunction with presentation of the reasons for and against granting the variance at the Board hearing, testimony as to the size of the sign was received.
*875 On September 16, the sign was measured by city employees and it was alleged in a petition for rehearing filed by the City that the sign was larger than the variance provisions would permit. Consequently, the Coordinator of Community Development asked the Board to rehear the application for a variance on September 19. Moschetti then instituted this action in the district court seeking to prohibit the Board from holding a rehearing.
The district court dismissed Moschetti's complaint determining that the Board maintained jurisdiction over applications submitted to it until the time for appeal of its decision expired, that it could hold a rehearing if there had been a substantial change in the facts or circumstances subsequent to the first hearing, and that judicial review was premature because the court could not determine whether there had been a change in facts or circumstances sufficient to warrant a rehearing until after the rehearing had occurred.
Moschetti first contends that judicial review is the only remedy available to the City when it contests a decision of the Board. In the alternative, Moschetti argues that a rehearing is permissible only if there is, in fact, a substantial change in the facts and circumstances subsequent to the initial hearing and that such does not appear in the record before this court. We conclude that Moschetti is incorrect in his first contention and that an alleged change in circumstances is not the only ground upon which the Board may conduct a rehearing.
Boulder Revised Ordinances § 48-908 which governs judicial review of a decision of the Board provides, in pertinent part:
"Any person aggrieved by a final decision of the board, and the city, may seek relief therefrom in a court of competent jurisdiction within ten days of the date of such decision."
There is no code provision specifically authorizing a rehearing of Board decisions; nevertheless, under the circumstances of this case, we hold that the Board has that authority.
We find no prior Colorado appellate decisions which resolve the issue before us. In other jurisdictions, the courts have held that an administrative board has authority to modify a decision at any time prior to the date an appeal must be perfected pursuant to procedure governing judicial review of that order. E. g., American Smelting & Refining Co. v. Arizona Air Pollution Control Hearing Board, 113 Ariz. 243, 550 P.2d 621 (1976); Silverco, Inc. v. Zoning Board of Adjustment, 379 Pa. 497, 109 A.2d 147 (1954). The justification for applying that concept is apparent where, as here, the allegation is made that a board has exceeded the power granted it by ordinance. E. g., Hester v. Timothy, 108 R.I. 376, 275 A.2d 637 (1971); see also Young Israel v. Board of Standards & Appeals, 39 A.D.2d 51, 331 N.Y.S.2d 105 (1972). Otherwise the board would be powerless to rectify action taken by it which contravenes the city code, even though the board members recognized that others would act to their detriment in reliance on that order, and even though its order might be subject to collateral attack at some future date in a separate proceeding. E. g., Flavell v. Department of Welfare, 144 Colo. 203, 355 P.2d 941 (1960). Thus, we hold that the Board has authority to rehear Moschetti's application for variance based upon the allegation that it has granted a variance which it is not empowered to grant under the City code.
Moschetti also contends, in essence, that if the Board is permitted to hold a rehearing he will be denied procedural due process because his expectations, based upon grant of the variance, will have been thwarted. This contention lacks merit. Not only has no significant property interest of Moschetti been taken, but also, he will have the opportunity to present evidence in conjunction with the rehearing. See Mountain States Telephone & Telegraph Co. v. Department of Labor & Employment, 184 Colo. 334, 520 P.2d 586 (1974).
The judgment of the district court is affirmed.
ENOCH and SMITH, JJ., concur.