**FITZ MOTORS, INC., a Colorado Corporation, d/b/a Northglenn Dodge, Plaintiff-Appellee,**

v.

**CITY OF NORTHGLENN, a Municipal Corporation, Defendant-Appellant.**

**No. 79CA0099.**

Colorado Court of Appeals, Div. I.

Aug. 9, 1979.

As Modified On Denial of Rehearing Sept. 6, 1979.

International Harvester Scout vehicles. Evidence was presented that the sign was needed because Chrysler Corporation prohibited advertising of a separate line of vehicles on signs advertising Chrysler products.

In September 1977, Fitz was no longer selling International Harvester vehicles, and without further notice to the city, changed the sign to advertise used cars. In October 1977, the Board of Adjustment revoked the variance. No appeal was taken from this revocation; rather, Fitz applied for a new variance. The Board of Adjustment denied the variance. Under the city's code, the city council also passes on variance requests and that body also denied the application. On C.R.C.P. 106(a)(4) review, the district court found an abuse of discretion and a failure to consider the criteria of the city code and therefore reversed the denial and remanded for a new hearing. The city appeals, and we reverse.

 That signs are properly subject to regulation is no longer in dispute in Colorado. *Veterans of Foreign Wars v. Steamboat Springs,* Colo., 575 P.2d 835 (1978). Here, there was a showing of hardship when the initial variance was granted, but when that hardship no longer existed, the variance predicated thereon was terminated. *See Appeal of Haller Baking Co.,* 295 Pa. 257, 145 A. 77 (1928). Consequently, this earlier variance was without significance relative to the application for a new variance, and, there being no hardship shown as a basis for the new application for a variance, it was properly denied. *Cf. Moschetti v. Board of Zoning Adjustment,* Colo.App., 574 P.2d 874 (1978). One cannot reasonably rely on a variance granted under a specific set of conditions to again be granted when those conditions are no longer present. Also, contrary to Fitz' assertion, and the trial court's conclusion, the basis of the Board of Adjustment's denial was clearly stated as failure to prove hardship. Since there was no evidence presented showing hardship, there is no basis for the trial court to remand for further proceedings.

Weltzer & Worstell, Louis A. Weltzer, Denver, for plaintiff-appellee.

Charles L. Sharp, Jr., City Atty., Northglenn, for defendant-appellant.

STERNBERG, Judge.

On March 16, 1976, the defendant city granted plaintiff, Fitz Motors, Inc., a Chrysler dealer, a variance allowing construction of a third freestanding sign. The sign was to be used to advertise Fitz' dealership for

**892**

In its complaint before the district court Fitz also contended that the city was estopped to deny the requested sign variance because of expenditures made to install the sign. We agree with the conclusion of the district court that this argument is without merit. The original variance was granted for a specific purpose. When this purpose ceased to exist, the variance was terminated and no appeal was taken from this termination. In this application for a new variance, expenditures made on the terminated variance have no relevancy.

The judgment is reversed.

COYTE and VAN CISE, JJ., concur.