■ In the Matter of TOHR INDUSTRIES CORP., Appellant, v ZONING BOARD OF APPEALS OF THE CITY OF LONG BEACH, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the City of Long Beach, dated June 18, 1986, which revoked a variance previously granted on July 28, 1954, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Christ, J.), entered January 8, 1987, which dismissed the petition.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the determination of the Zoning Board of Appeals of the City of Long Beach, dated June 18, 1986, is annulled, and the variance granted July 28, 1954, is reinstated.

This proceeding concerns an unimproved parcel of land 100 feet by 100 feet located at 765 East Park Avenue in Long Beach. The area had been zoned for commercial use but in 1940 the zoning classification was changed to a residential C area for single- and two-family houses. The previous owner of the property obtained a variance on July 28, 1954, to utilize the land for commercial purposes. The petitioner purchased the land on January 12, 1982, intending to erect a commercial establishment thereon.

By letter dated February 1, 1985, the Building Commissioner responded to the petitioner's application for a permit to build a drive-through convenience store on the property. The Building Commissioner informed the petitioner that the 1954 variance was still in effect, and that a retail business might be constructed upon the lot. On April 23, 1985, the petitioner was further informed by the Building Commissioner that its plans were in conformity with zoning requirements, and that it could apply for the necessary building permits.

On December 30, 1985, the Building Commissioner reversed his position. He advised the petitioner, *inter alia,* that since there had been a substantial change in the neighborhood since 1954, when the variance was previously granted, he was going to petition the Zoning Board of Appeals for a hearing. Following a hearing on March 27, 1986, the Zoning Board of Appeals revoked the 1954 variance on June 18, 1986, upon a finding that the area had substantially changed since the variance had been granted, and that, in light of the residential character of the neighborhood, a commercial establishment was inappropriate.

The action of the Zoning Board of Appeals in revoking the previously granted variance was improper. The Zoning Board of Appeals was authorized to reconsider the petitioner's variance only if, in granting the variance in the first instance, it exceeded its jurisdiction *(see, Young Israel v Board of Stds. & Appeals,* 39 AD2d 51; *see also,* General City Law § 81 [1]; City of Long Beach Code § 20-14). Since there is no claim by the Zoning Board of Appeals that the grant of the 1954 variance was in excess of its jurisdiction, the subsequent revocation of the variance was illegal.

Finally, the Zoning Board of Appeals argues that the variance granted on July 28, 1954, was previously annulled by a court of competent jurisdiction. In support of this argument, the Zoning Board of Appeals relies on an unofficial decision of the Supreme Court, Nassau County, printed in the New York Law Journal on January 5, 1955, which annulled the granting of a variance by the Zoning Board of Appeals of the City of Long Beach. However, that decision fails to specify the date that the variance had been granted or identify the property affected. Accordingly, this argument must be rejected. Mangano, J. P., Bracken, Spatt and Balletta, JJ., concur.