■ GILBERT LOUZOUN, Appellant, v SYLVIA DEUTSCH et al., Constituting the Board of Standards and Appeals of the City of New York, et al., Respondents.—In a hybrid action for a judgment declaring the Rules of Procedure of the Board of Standards and Appeals of the City of New York, article VII, rule 7 null and void and a proceeding pursuant to CPLR article 78 to review a resolution of the Board of Standards and Appeals of the City of New York adopted November 25, 1986,

rescinding a resolution adopted on June 17, 1919, as amended on March 15, 1949, relative to the use of the premises at 78-02 Northern Boulevard, Jackson Heights, New York, the appeal is from a judgment of the Supreme Court, Queens County (Cooperman, J.), entered January 14, 1988, which dismissed the proceeding and declared in effect, that Rules of Procedure of the Board of Standards and Appeals of the City of New York, article VII, rule 7 is valid.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the resolution of the Board of Standards and Appeals of the City of New York adopted November 25, 1986 is annulled, and it is declared that Rules of Procedure of the Board of Standards and Appeals of the City of New York, article VII, rule 7 is null and void.

The instant dispute concerns a parcel of real property, known as 78-02 Northern Boulevard, in Queens County. On June 17, 1919, the Board of Standards and Appeals of the City of New York (hereinafter the BSA) adopted a resolution granting an application for a use district exception for the subject property, allowing its owner to erect a garage for more than five vehicles. On March 15, 1949, the BSA amended the 1919 resolution to allow a part of the property, i.e., approximately 20 to 30 feet, to be used for the sale of new and used cars. The 1949 amendment was made on condition that "no cars shall be displayed beyond the front wall of the building". When the petitioner purchased the subject property in 1974, certain illegal uses, i.e., automobile rentals and repairs, in violation of the provisions of the use district exception granted in 1919, as amended in 1949, were being conducted on the subject premises.

After receiving numerous complaints concerning these illegal uses, the BSA calendared a hearing with regard to the "possible rescindment" of the use district exception granted on June 17, 1919, as amended on March 15, 1949. A hearing was held and on November 25, 1986, the BSA adopted a resolution rescinding the use district exception adopted June 17, 1919, as amended on March 15, 1949, on the ground that "the evidence in the record demonstrates that the site has had these illegal uses since 1974".

The petitioner instituted this hybrid action and proceeding alleging, *inter alia,* that the BSA did not have the power, under relevant laws, to rescind the 1919 use district exception, and that the BSA rule, which purportedly allowed it to rescind a previously granted use district exception, was null and void.

The Supreme Court dismissed the proceeding. We reverse.

The BSA is a quasi-judicial administrative agency which has the authority, *inter alia,* to grant variances and special permits *(see,* New York City Charter §§ 666, 668; New York City Zoning Resolution § 72-01 [b] [1]; §§ 72-22, 73-04). However, these provisions do not grant the BSA the right to rescind a variance or special permit based on a violation of the terms thereof. Indeed, the relevant provisions specifically set forth other enforcement remedies in the area of zoning, i.e., monetary fines, injunctive relief, and even criminal liability, and confer the power to implement those remedies upon municipal bodies other than the BSA, i.e., the Department of Buildings and the Corporation Counsel (New York City Charter § 643; New York City Zoning Resolution § 71-00; Administrative Code of City of New York §§ 25-203, 26-126). Despite these provisions, the BSA argues that it had the authority, pursuant to Rules of Procedure of the BSA, article VII, rule 7, to rescind its resolution granting a use district exception for the subject property. Rules of Procedure of the BSA, article VII, rule 7 provides as follows: "The Board may, on its own motion at a public hearing, review any decision that it has made and may reverse or modify such decision, but no such review shall prejudice the rights of any person who has in good faith acted thereon before it is reversed or modified. The motion to review will be heard on the SOC Calendar after notice by the Board to the applicant and the owner of the subject property. The Board may, at its discretion, reverse or modify any prior decision when it finds that the terms or conditions of its prior decision have been violated."

We disagree with the BSA's argument. Although the BSA has been granted rule-making power (New York City Charter § 666 [2]; New York City Zoning Resolution § 72-01 [d]), it is well settled that it has "no authority to create a rule out of harmony" with the law *(Matter of Jones v Berman,* 37 NY2d 42, 53). Since the instant rule confers upon the BSA a power which has no legal "predicate either express or implied" *(Matter of Bates v Toia,* 45 NY2d 460, 464), it must be declared null and void *(see also, Matter of Tohr Indus. Corp. v Zoning Bd. of Appeals,* 148 AD2d 457).

We have reviewed the petitioner's remaining argument and find it to be without merit. Mangano, J. P., Brown, Kooper and Spatt, JJ., concur.