465 So.2d 660 (1985)
WAKULLA WOOD PRODUCTS, Petitioner,
v.
John Allen RICHEY and Mary Louise Richey, Respondents.
No. BD-289.
District Court of Appeal of Florida, First District.
March 26, 1985.
*661 Bill A. Corbin, Blountstown, for petitioner.
Ben H. Ervin, Monticello, for respondents.
NIMMONS, Judge.
We have before us a petition for writ of certiorari filed by Wakulla Wood Products seeking review of an order of the Wakulla County Circuit Court dismissing petitioner's appeal from an adverse final judgment rendered by the county court. We grant the writ of certiorari and quash the circuit court's order.
On November 16, 1983, a final judgment awarding damages to respondents John and Mary Richey (plaintiffs in the trial court) was entered by the county court. Within the ten-day period after entry of the judgment prescribed by Fla.R.Civ.P. 1.530(b) and (g), petitioner filed a motion for new trial, rehearing or amendment of judgment. While petitioner's motion was pending, respondents filed a motion to amend the final judgment on February 15, 1984, seeking to increase the amount of damages awarded to them. Petitioner's motion to strike respondents' motion to amend as untimely was denied.
The county court denied petitioner's motion for new trial, rehearing or amendment of judgment on April 16, 1984, and petitioner timely filed a notice of appeal to the circuit court on May 10, 1984, thus transferring the cause to the circuit court acting in its appellate capacity. De La Portilla v. De La Portilla, 304 So.2d 116 (Fla. 1974). However, the county court proceeded to hear respondents' motion to amend the final judgment and on July 3, 1984, amended the original final judgment by increasing the amount of damages awarded to respondents. Respondents then filed a motion to dismiss petitioner's appeal contending that the circuit court's appellate jurisdiction had not been invoked by petitioner's untimely notice of appeal. The circuit court granted respondent's motion and dismissed petitioner's appeal by order dated November 8, 1984, which order is the subject of the instant petition.
Respondents rely upon Fla.R.App.P. 9.020(g) as the basis for their erroneous conclusion that petitioner's timely motion for new trial or rehearing tolled the time of rendition of the final judgment such that respondents' motion to amend, filed 91 days after entry of the final judgment, also was timely filed. Rule 9.020(g) defines rendition of an order and further provides that "[w]here there has been filed in the lower tribunal an authorized and timely motion for new trial or rehearing, to alter or amend,... the order shall not be deemed rendered until disposition thereof." According to respondents, since their motion to amend was still pending at the time petitioner filed its notice of appeal, the final judgment had not yet been rendered. Under respondents' analysis of the appellate rule, the final judgment was not rendered until both motions were disposed of, thereby giving the trial court jurisdiction to rule upon respondents' motion to amend and enter an amended final judgment.
Contrary to respondents' argument in this court and the lower courts, appellate Rule 9.020(g) does not operate to extend the time during which a non-moving party may file an otherwise untimely motion to alter or amend a judgment. Fla.R. Civ.P. 1.090(b) provides that the time for making a motion for new trial, motion for rehearing, or motion to alter or amend a judgment may not be extended. In this case, the final judgment was deemed rendered, for purposes of calculating the time for filing a notice of appeal, upon disposition of petitioner's timely motion for new trial or rehearing. Respondents' motion to amend was untimely and thus had no effect upon rendition of the final judgment. Consequently, *662 the amended final judgment of July 3, 1984, was a nullity.
This case is remanded to the circuit court with directions to reinstate petitioner's timely appeal from the county court's April 16, 1984, order denying petitioner's motion for new trial, rehearing or amendment.
SMITH and THOMPSON, JJ., concur.