98 Pa. Commonwealth Ct. 56 (1986)
510 A.2d 896
John Latta, Petitioner
v.
Workmen's Compensation Appeal Board (Latrobe Die Casting Company), Respondents.
No. 771 C.D. 1984.
Commonwealth Court of Pennsylvania.
June 10, 1986.
Submitted on briefs February 4, 1986.
To Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.
*57 Thomas P. Geer, for petitioner.
H. Reginald Belden, Jr., Stewart, Belden, Herrington and Belden, for respondent, Latrobe Die Casting Company.
OPINION BY JUDGE PALLADINO, June 10, 1986:
John Latta (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision to dismiss Claimant's review petition.
Claimant was employed by the Latrobe Die Casting Company (Employer) when, on March 24, 1977, he suffered a work-related injury to his right arm. Claimant was paid workmen's compensation benefits for total disability from the time of his injury until he returned to work in August of 1977. Claimant then received partial disability payments calculated at thirteen-week intervals, pursuant to a number of Supplemental Agreements entered into between Claimant and Employer.[1] *58 The last Supplemental Agreement, dated January 2, 1980, specified that Claimant was entitled to partial disability compensation for the thirteen-week period from September 4, 1979 to December 4, 1979. The Agreement also contained the following:
Claimant resumed work on 12-4-79, with an undetermined partial disability not reflected in the loss of wage. Compensation benefits are hereby suspended from 12-4-79, until there is a change in the status of this case.
On October 20, 1979, Claimant and his fellow employees lawfully went out on strike against Employer. The strike continued for approximately one year, after which employees were called back in order of seniority to fill a limited number of positions available in Employer's reduced work force. Claimant was not called back to work because he did not have sufficient seniority.
Thereafter, Claimant filed a review petition seeking reinstatement of total disability benefits as of October 20, 1979, the date the strike commenced. The referee dismissed Claimant's petition, finding that Claimant had offered no evidence that he suffers from any disability related to his work injury, and that Claimant was absent from work because of his lack of seniority which, under the collective bargaining agreement between Employer and Claimant's union, precluded Employer from calling Claimant back to work before more senior employees. In light of these facts, the referee determined that Claimant had not sustained his burden of proving he was absent from work because of a work-related injury and that the burden of proof never shifted to Employer *59 to show the availability of other work which Claimant was capable of doing. The Board affirmed the referee's decision. This appeal followed.
In the case of a claimant who seeks the reinstatement of suspended benefits, "once the claimant has discharged his burden of proving that, because of his injury, he is unable to do the type of work he was engaged in when injured, the employer has the burden of proving that other work is available to the claimant which he is capable of obtaining." Barrett v. Otis Elevator Co., 431 Pa. 446, 458, 246 A.2d 668, 674 (1968); see also Busche v. Workmen's Compensation Appeal Board (Townsend & Bottum), 77 Pa. Commonwealth Ct. 469, 466 A.2d 278 (1983). In the instant case, wherein Claimant seeks the resumption of total disability benefits as of the date the strike began, the referee found as a fact that Claimant failed to show he suffers from any disability related to his work injury. We note, however, that the referee made no distinction between the period from October 20, 1979 to December 4, 1979, when Claimant was not working and was still entitled to disability compensation pursuant to the final Supplemental Agreement, and the period after December 4, 1979, when Claimant was not working and his right to benefits was suspended pursuant to the Supplemental Agreement. We conclude that the evidence of record indicates that Claimant did carry his burden of proving his continued disability from October 20, 1979 to December 4, 1979, and that Claimant failed to carry that same burden for the period after December 4, 1979.
As regards the period from October 20, 1979 to December 4, 1979, the referee, by finding that Claimant failed to present evidence of his continuing disability, capriciously disregarded competent evidence in the form of the final Supplemental Agreement, which shows *60 that Claimant still suffered from a disability resulting in a loss of earning power until December 4, 1979, when the Agreement officially suspended Claimant's partial disability benefits. The Supplemental Agreement, which was entered into by Employer and Claimant on January 2, 1980, constitutes an admission by Employer that Claimant's disability had not ceased until December 4, 1979.
For the period from October 20, 1979 to December 4, 1979, therefore, Claimant presented sufficient evidence to establish that his disability continued and he was unable to return to his pre-injury job. Under Barrett, it was thus necessary for Employer to show the availability of work which Claimant could perform during that period. Since Claimant's light duty job with Employer ended on October 20, 1979, and since Employer presented no evidence that work was available which Claimant was capable of performing, Employer failed to carry its burden of showing work availability for Claimant for the period between October 20, 1979 and December 4, 1979.[2] Accordingly, we conclude that *61 Claimant is entitled to total disability benefits from October 20, 1979 to December 4, 1979.
As regards the period after December 4, 1979, the final Supplemental Agreement completely suspended the payment of benefits to Claimant because, after that date, Claimant had an "undetermined partial disability not reflected in the loss of wage." As required by Barrett it was then incumbent upon Claimant to show that, after December 4, 1979, his disability continued such that he was still incapable of resuming his pre-injury work. As was found by the referee, Claimant failed to carry this burden. Claimant testified that he continued to be disabled because of the work-related injury to his right arm, and that he suffered from a number of other ailments. Claimant did not, however, present any medical testimony which substantiated his alleged inability to perform his pre-injury job and, indeed, Claimant did not indicate what his pre-injury job duties were, much less show that his work injury rendered him no longer capable of performing such duties. Accordingly, Claimant failed to show that his disability continued, and the burden of proof did not shift to Employer to establish that, after December 4, 1979, there was work available to Claimant which he could perform.
Accordingly, we affirm the order of the Board insofar as it denies Claimant's petition for reinstatement of disability benefits after December 4, 1979. The order of the Board is reversed, however, to the extent that it denies Claimant's petition for total disability benefits from October 20, 1979 to December 4, 1979, and the case is remanded to the Board for the computation of total disability benefits for the stated period.
Jurisdiction relinquished.

ORDER
AND NOW, June 10, 1986, the order of the Workmen's Compensation Appeal Board, at No. A-85914, *62 dated February 23, 1984, is affirmed insofar as it denies Claimant's petition for reinstatement of total disability benefits after December 4, 1979; the order of the Board is reversed insofar as it denies Claimant's petition for reinstatement of total disability benefits from October 20, 1979 to December 4, 1979, and the case is remanded to the Board for the computation of total disability benefits for the period from October 20, 1979 to December 4, 1979.
Jurisdiction relinquished.

ORDER
NOW, September 23, 1986, having previously granted reconsideration, we hereby reaffirm our prior opinion and Order filed June 10, 1986.
NOTES
[1] The amount of partial disability compensation paid to Claimant was equal to two-thirds of the difference between Claimant's wages at the time of his injury and Claimant's subsequent earning power when he returned to work after his injury, in accordance with Section 306(b) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §512.
[2] The fact that Claimant's light duty job ended by reason of a strike does not change the result reached on the facts presented herein. We have previously noted that the Act "gives no indication that voluntary strike activity is to be considered a relevant or appropriate factor to be considered in the determination of loss of earning power." McKinney Manufacturing Corp. v. Straub, 9 Pa. Commonwealth Ct. 79, 82, 305 A.2d 59, 61 (1973).

In McKinney, we rejected an employer's contention that a claimant who refused to return to work because of a strike was not entitled to benefits, because the employer failed to show that it had work available to the claimant during the time of the strike. Similarly, in the case at bar, we are constrained by our decision in McKinney to hold that, despite the strike, Employer was still required to prove the availability of work which Claimant was capable of performing, once Claimant had established that his disability continued.