533 A.2d 1137

Frank Evanick, Petitioner *v.* Workmen's Compensation Appeal Board (Fisher Scientific Company and PMA Insurance Company and American Mutual Insurance Company), Respondents.

Submitted on Briefs May 18, 1987, to Judges MAC-PHAIL and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Jay Y. Rubin*, for petitioner.

*Edward G. Kuyat, Jr.*, for respondent, Pennsylvania Manufacturers' Association Insurance Company.

*Robert G. Rose, Spence, Custer, Saylor, Wolfe & Rose*, for respondent, Mutual Insurance Company.

OPINION BY JUDGE BARRY, December 3, 1987:

Frank Evanick (claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision to grant compensation benefits to the claimant for a closed period from May 17, 1980 through November 9, 1980 due to a

work-related aggravation of a previously existing work-related injury and to suspend benefits thereafter. We affirm in part and reverse in part.

The claimant was employed by Fisher Scientific Company (employer) as an assembly line painter. On December 1, 1976, he suffered a compensable back injury and was paid workmen's compensation benefits under a notice of compensation payable. On August 29, 1978, the employer and PMA Insurance Company filed a termination petition alleging that the claimant was able to return to work as of April 4, 1978. Following several hearings the referee granted the employer's termination petition finding that the claimant had recovered from his December 1, 1976 back injury as of April 4, 1978 and that he suffered, at that time, only from mild degenerative back disease unrelated to his employment. Further, the referee found that the claimant was able to perform all the duties of his employment which included spray painting and lifting five gallon cans of paint. The claimant appealed the referee's decision to the Board which affirmed the referee but modified certain findings of fact, conclusions of law and the referee's order to result in a suspension rather than a termination of benefits.[1] Neither the claimant nor the employer appealed from that order.

Following receipt of the Board's order suspending his benefits the claimant contacted his treating physi-

---

[1] The Board reasoned that there was no competent evidence to support a finding of complete recovery with no remaining work-related disability. However, there was evidence that the claimant could return to his prior employment and the Board concluded that, "This evidence is consistent with a finding that the claimant has *no work-related disability which is reflected in a loss of earning power*. That language describes the condition which supports a *suspension* of compensation. It does not support a *termination*." Opinion of Board dated December 13, 1979 (emphasis in original).

cian concerning the possibility of his returning to work on a trial basis for economic reasons. His physician agreed to a return, but only on a trial basis, and the claimant did return to his former job on May 1, 1980. The claimant worked until May 16, 1980, during which period he suffered continuous pain and discomfort.

On April 9, 1981, the claimant filed a reinstatement petition against the employer and PMA Insurance Company[2] alleging that his disability status had changed on May 16, 1980. Further, on June 22, 1981, the claimant filed a claim petition against the employer and American Mutual Insurance Company[3] alleging an injury on May 16, 1980.[4] Following a number of hearings the referee found that the claimant aggravated his pre-existing work injury to the point of being disabled as of May 17, 1980. Further, the referee concluded that as of November 10, 1980 the claimant had fully recovered from his work-related aggravation of his pre-existing injury by virtue of his work activity in May of 1980 and that his compensation status returned to that of suspension.

The claimant appealed to the Board arguing essentially that there is no substantial competent evidence in the record to support the referee's findings that the claimant had recovered as of November 10, 1980. The Board affirmed the referee's decision and a petition for review to this Court followed.

---

[2] Fisher Scientific was insured by PMA Insurance Company at the time of the original injury in 1976 and by American Mutual Insurance Company at the time of the subsequent injury in May of 1980.

[3] *See* Footnote 2 above.

[4] The claimant's claim petition as filed, alleged a new injury on May 16, 1980, sustained while moving a heavy cabinet. However, at a hearing held on November 24, 1981, the petition was amended to allege accumulated pain.

Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law was committed, or whether any finding of fact necessary to support the Board's decision is not supported by substantial evidence. Section 704 of The Administrative Agency Law, 2 Pa. C. S. §704.

First, the claimant argues that the referee capriciously disregarded competent evidence in determining that his disability arising out of the aggravation of the pre-existing injury terminated on November 10, 1980. In applying our proper scope of review, that is, whether any finding of fact necessary to support the Board's decision is not supported by substantial evidence, we must disagree inasmuch as the referee's finding is supported by substantial evidence.

The claimant's own treating physician, William H. Barclay, M.D., testified as to his recovery at several points in the record. First, during his deposition taken on May 11, 1982, Dr. Barclay testified as follows:

Q. Doctor, could a review of your notes indicate a point in time sometime after June of 1980 when he returned to a point comparable to that which he was in in May of 1980 or April of 1980?

A. After June of 1980?

Q. Yes, sir.

A. Yes. There was a period of time that he was just about that good. That would have been November of 1980.

N.T. at 38-39.

Further, Dr. Barclay testified that on November 10, 1980, the claimant, "[S]tated he felt pretty good. He said the back is less painful and the left leg did not have any pain anymore. He was continued [sic] to be able to sleep at night." N.T. at 12.

The claimant also argues that it was an error of law for the referee to rest his decision to deny benefits to

the claimant on a few words taken out of context of the entire medical testimony. We must disagree with this argument inasmuch as our review of the record reveals that the testimony of Dr. Barclay relied upon by the referee was not taken out of context but rather was wholly consistent with and corroborated by the remainder of his extensive testimony.

The claimant also argued that the Board committed an error of law in failing to remand the case to the referee for the taking of additional evidence as was requested by the claimant. The claimant appropriately directs us to *Cisco v. Workmen's Compensation Appeal Board (A & P Tea Company)*, 88 Pa. Commonwealth Ct. 174, 488 A.2d 1194 (1985) for the proposition that a request for remand to the referee accompanied by supporting evidence constitutes the equivalent of a petition for rehearing. Of course, the decision whether to grant a petition for rehearing is within the Board's discretion which decision we will not reverse absent an abuse of that discretion. *Jones v. Workmen's Compensation Appeal Board (First Pennsylvania Bank)*, 76 Pa. Commonwealth Ct. 345, 463 A.2d 1266 (1983).

The evidence submitted to the Board by the claimant with his request for remand was a letter from Dr. Barclay dated March 26, 1984, in which he elaborates upon and attempts to explain away his deposition testimony as reproduced above.[5] We cannot conclude that such evidence constitutes newly discovered, noncumulative evidence which would warrant a rehearing. The reproduced testimony was elicited on cross-examination. The claimant could have had the doctor offer his amplification of that testimony on redirect at the time of the deposition. Accordingly, we affirm the Board's order

---

[5] The claimant also attached a copy of that letter to his brief filed with this Court.

awarding the claimant total disability benefits for only a closed period with respect to his work-related aggravation of a pre-existing work-related injury and it was not an error of law for the Board not to have granted a rehearing.

The claimant argues, additionally, that it was an error of law for the referee to return him to suspension status as of November 10, 1980. We agree.

He argues that under *Venanzio v. Workmen's Compensation Appeal Board (Eastern Express),* 88 Pa. Commonwealth Ct. 204, 489 A.2d 284 (1985), his only burden was to demonstrate that the reasons for the suspension no longer existed. We agree that the claimant has properly *stated* his burden of proof. We also agree that the claimant has also *met* that burden with respect to the period May 16, 1980 through November 9, 1980. Indeed, the referee so found having awarded him benefits for that closed period. However, the referee also found that the claimant had fully recovered from the May 16, 1980 aggravation of his preexisting injury so as to return him to his condition and circumstances prior to his return to work on May 1, 1980. Ordinarily, this would properly result in a return to his suspension status which was in effect at that time. However, based on our examination of the referee's decision we find his return of the claimant to suspension status as of November 10, 1980 to be inconsistent with his findings of fact and therefore we reverse on the basis that this inconsistency results in the commission of an error of law.

The referee made the following pertinent findings of fact:

10. That the *claimant's inability to return to his regular job* on and after November 10, 1980, was not caused by his work activity in May of 1980 but *was exclusively the result of his December 1, 1976 work injury.*

11. That the Pennsylvania Manufacturers' Association [the employer's insurer at the time of the December 1, 1976 injury] has not demonstrated that work is available to the claimant which he could perform on and after November of 1980.

Emphasis added.

These findings more properly support a conclusion that the claimant is entitled to workmen's compensation benefits payable by Pennsylvania Manufacturers' Association inasmuch as the referee found that the claimant is unable to return to his regular job. Returning the claimant to suspension status is unwarranted and in fact, contrary to the facts as found here. Unlike here, *i.e.*, Finding of Fact No. 10, when the claimant was placed in suspension status in December of 1979, it had been determined that he was capable of returning to his former job.[6] Based upon this finding of fact, the claimant has met his burden of proof as set forth in *Venanzio, supra* to demonstrate that the reasons for the suspension no longer exist.

Further, the referee found that PMA had not demonstrated that work was available to the claimant which he could perform. In fact, there is *no* evidence on the record as to whether any work was available to the claimant.[7] Where a claimant seeks the reinstatement of

---

[6] *See* Footnote 1 above.

[7] We must note that a remand is not in order here for the purpose of allowing PMA to introduce evidence of work availability. A total of four hearings was held before referees Cassidy and Getty between June of 1981 and August of 1983. American Mutual was represented at three of the four hearings at which it argued that the claimant had never fully recovered from the 1976 injury. PMA was put on notice of the possibility that the referee might have found that the claimant was currently disabled as a result of the 1976 injury and should have been prepared to present evidence of work availability at that time.

suspended benefits, "once the claimant has discharged his burden of proving that, because of his injury, he is unable to do the type of work he was engaged in when injured, the employer has the burden of proving that other work is available to the claimant which he is capable of obtaining." *Barrett v. Otis Elevator Co.,* 431 Pa. 446, 458, 246 A.2d 668, 674 (1968), *see also Latta v. Workmen's Compensation Appeal Board (Latrobe Die Casting Company),* 98 Pa. Commonwealth Ct. 56, 510 A.2d 896 (1986). PMA having failed to even attempt to meet its burden here, we accordingly reverse the order of the Board and find that workmen's compensation benefits made payable to the claimant pursuant to his December 1, 1976 work-related injury be reinstated from and after November 10, 1980.

## ORDER

Now, December 3, 1987, the order of the Workmen's Compensation Appeal Board No. A-87219, dated July 5, 1985, is hereby;

AFFIRMED to the extent of its award of workmen's compensation benefits payable from American Mutual Insurance Company for the period May 17, 1980 through November 9, 1980 and its approval of counsel fee deductible therefrom; and

REVERSED to the extent that it does not award total disability workmen's compensation benefits payable from Pennsylvania Manufacturers' Association Insurance Company from and after November 10, 1980.