On Motion to Dismiss
JORGENSON, Judge.
We deny Richter’s motion to dismiss as untimely Gordon’s appeal from a final judgment entered in favor of Richter pursuant to the trial court’s granting Richter’s post-trial motion for judgment n.o.v. Richter had filed a complaint against Gordon for negligence, breach of contract, and conversion of a 13.43 carat diamond ring valued at $165,000. Following a trial, the jury returned a verdict in favor of Richter for $26,250 on March 24,1987. Both Richter and Gordon timely moved, pursuant to Florida Rule of Civil Procedure 1.530(b), for judgment notwithstanding the verdict or, alternatively, a new trial. On April 9, 1987, the trial court granted Richter’s motion for judgment n.o.v. The trial court confirmed the verdict regarding Gordon’s liability but awarded Richter damages of $165,000 plus interest and costs. The trial court’s order entering final judgment for Richter was recorded in the official records book on April 10, 1987. On April 17, 1987, Gordon moved for rehearing of the trial court’s order granting judgment n.o.v. for Richter. Gordon claimed that, if the trial court disagreed with the jury’s assessment of damages, the proper course was to hold a new trial on the issue of damages. The trial court denied Gordon’s motion for rehearing on April 24, 1987.
On May 13, 1987, Gordon filed her notice of appeal. Richter moved to dismiss the appeal as untimely per Florida Rule of Appellate Procedure 9.300 on the ground that notice had been filed more than thirty days subsequent to the April 10,1987, recording of the final judgment for Richter. We disagree with Richter’s analysis.
The crucial date by which to calculate the timeliness of Gordon’s notice of appeal is the date of the trial court’s disposition of Gordon’s motion for rehearing. See Sky Lake Gardens Recreation, Inc. v. District Court of Appeal, Third District, 511 So.2d 293 (Fla.1987) (date of rendition of final judgment was not date of original final judgment but date of disposition of timely motion to amend final judgment); Fla.R.App.P. 9.020(g). See also Lehmann v. Cloniger, 294 So.2d 344 (Fla. 1st DCA 1974) (jury verdict for plaintiffs was not “rendered” until disposition of plaintiffs’ post-trial motions for taxation of costs and entry of final judgment based on verdict; defendant’s motion for new trial was thus served within ten days after rendition of verdict and time for filing notice of appeal tolled until disposition of motion for new *376 trial). The chronology in the instant case reveals that Gordon’s motion for rehearing tolled the time for filing her notice of appeal until disposition was effected.
Richter is correct in positing that an order granting or denying a new trial is not subject to a motion for rehearing absent fraud or clerical error. Frazier v. Seaboard Sys. R.R., 508 So.2d 345 (Fla.1987); Owens v. Jackson, 476 So.2d 264 (Fla. 1st DCA 1985); Salkay v. State Farm Mut. Auto. Ins. Co., 398 So.2d 916 (Fla. 3d DCA), rev. dismissed, 402 So.2d 612 (Fla.1981); Reilly v. Hyster Co., 307 So.2d 202 (Fla. 4th DCA 1975). Although Richter argues that Gordon was not entitled to file a second motion for a new trial once her initial motion was denied, Richter’s argument misapprehends Gordon’s posture. Once Gordon’s first post-trial motion was denied and Richter’s motion for judgment n.o.v. was granted, Gordon was permitted to seek a rehearing of the final judgment entered for Richter pursuant to his post-trial motion. Having filed an authorized motion for rehearing in a timely manner, the rendition date of the judgment was extended until the trial court ruled on the rehearing motion. Cf. Janelli v. Pagano, 492 So.2d 796 (Fla. 2d DCA 1986) (appeal untimely where not filed within thirty days of disposition of motion for rehearing); Howard v. Farm Bureau Ins. Co., 467 So 2d 442 (Fla. 5th DCA 1985) (second motion for new trial untimely when not served within ten days of rendition of jury verdict and therefore could not toll time for filing notice of appeal); Wakulla Wood Prods. v. Richey, 465 So.2d 660 (Fla. 1st DCA 1985) (second untimely motion to amend final judgment had no effect upon rendition of final judgment for purposes of calculating time for filing notice of appeal).
Finding Gordon’s notice of appeal to have been timely filed, we deny Richter’s motion to dismiss.