John **ROSENBERGER**, Julia Rosenberger, Irvin Duane Timberman, Patricia Timberman and Lucille Read, Appellants (Petitioners),

v.

**CITY OF CASPER BOARD OF ADJUSTMENT, Appellee (Respondent).**

No. 88–138.

Supreme Court of Wyoming.

Dec. 12, 1988.

Ronald A. Kastanek, Casper, for appellants.

David B. Park, Casper, for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

GOLDEN, Justice.

Appellants John Rosenberger, Julia Rosenberger, Irvin Timberman, Patricia Timberman, and Lucille Read (Rosenbergers) challenge the district court's dismissal of their appeal from appellee City of Casper Zoning Board of Adjustment's (Board) denial of their petition for rehearing.

We affirm.

In their petition for rehearing, Rosenbergers challenged the Board's August 6, 1987, final decision granting a Conditional Use Permit to a nonprofit shelter for homeless persons. The Board is said to have mailed written notice of its decision to grant the permit on October 8, 1987. On August 13, 1987, Lucille Read and Duane Timberman filed a notice of appeal in the district court from the Board's decision to grant the permit. That notice of appeal was dismissed on November 9, 1987, for failure to comply with the Wyoming Rules of Appellate Procedure.

Rosenbergers filed their petition for rehearing with the Board on November 13, 1987. The Board held a rehearing on December 3, 1987, during which it denied the petition for rehearing. Rosenbergers appealed from the denial of their petition for rehearing in a notice of appeal filed on January 11, 1988. The district court dismissed that notice of appeal on April 25, 1988, after determining that it lacked jurisdiction to review the Board's denial of the petition for rehearing because the Board lacked authority to rehear its original decision to grant the Conditional Use Permit. From this determination the district court reasoned that Rosenbergers' notice of appeal was not taken from an appealable final order and the notice of appeal was not timely filed as to the original Board decision granting the permit. Rosenbergers challenge those conclusions, arguing that: (1) the Board's order denying rehearing was an appealable final order over which the district court had jurisdiction; and (2) their appeal was timely as to the original Board decision granting the permit, because under W.R.A.P. 12.04,[1] the petition

---

1. W.R.A.P. 12.04 provides in pertinent part:
   In a contested case, or in a noncontested case where a statute places a time limit on appeal, the petition for review shall be filed within thirty (30) days after written, certified notice to all parties of the final decision of the agency *or denial of the petition for a rehearing, or if a rehearing is held, within thirty (30) days after written, certified notice to all parties of*

for rehearing tolled the time during which the notice of appeal from the Board's decision to grant the permit had to be filed.

The district court dismissed Rosenbergers' notice of appeal from the Board's decision denying rehearing, basing its dismissal on this court's opinion in *Hupp v. Employment Security Commission of Wyoming*, 715 P.2d 223 (Wyo.1986). In *Hupp*, this court unanimously reversed a Wyoming Employment Security Commission (WESC) decision on rehearing that overturned a final WESC ruling. Although the members of the court at that time unanimously agreed on that result, i.e., WESC had not adopted a rule to rehear its own final decisions, they held divergent views about the source of power from which such a rehearing rule might be created.

In what is labeled as the majority opinion, Justice Cardine, joined by Justice Rooney, held that WESC did not have a rule allowing it to rehear its own final decision because the power to adopt such a rule was not *expressly* granted to the agency by the legislature. Id. at 225 (citing *Tri–County Electric Association, Inc. v. City of Gillette*, 525 P.2d 3, 8–9 (Wyo.1974)). A specially concurring opinion, authored by Justice Urbigkit, joined by Chief Justice Thomas, and adopted by Justice Brown in his own specially concurring opinion, advocated a different approach. It argued that an agency, with the general powers to adopt rules of procedure when granted by the legislature, may reconsider a decision if the agency has adopted rehearing rules pursuant to the Wyoming Administrative Procedure Act (WAPA). *Hupp*, 715 P.2d at 228–232. The special concurrence cited W.S. 16–3–102(a)(i) (October 1982 Repl.) as authority for this position. 715 P.2d at 228. (Urbigkit, J., specially concurring, joined by Thomas, C.J. See also Id. at 227 (Brown, J., specially concurring).

■ This case is not one in which an agency has adopted a rehearing rule without express legislative authority to do so, thereby requiring us to choose one of the two positions advocated in *Hupp* to render

a binding opinion. In fact, embracing either of those positions in this case would risk issuing an advisory opinion. The statutes allowing the City of Casper to appoint the Board do not give the Board the express power to rehear its final decisions. See W.S. 15–1–605 through 15–1–609 (July 1980 Repl.). Further, the Board's own rules and regulations, which appear to have been adopted pursuant to the WAPA, do not set forth a specific procedure for rehearing final Board decisions concerning Conditional Use Permits. No statutory or regulatory authority, under any rationale, exists for the Board to rehear its final decision on a Conditional Use Permit.

■ The Board's order denying Rosenbergers' petition for rehearing is not an appealable final order since the Board lacked authority to rehear its original decision granting the permit. Rosenbergers' filing of their petition for rehearing did not toll the running of the time period for filing a notice of appeal of final agency action under W.R.A.P. 12.04.

AFFIRMED.

URBIGKIT, Justice, dissenting.

I dissent because neither this record nor the law supports the premise of the majority decision that the City of Casper Board of Adjustment (Board) could not grant a rehearing which would toll the time for the Rosenbergers to appeal. Additionally, the time limitation for administrative agency appeal properly commences upon denial of rehearing or a decision on rehearing as expressly stated by W.R.A.P. 12.04 as constituting the second error in majority decision.

Specifically, I would hold as documented in the record that the Board had the authority and had adopted rehearing rules. Further, the case of *Hupp v. Employment Sec. Com'n of Wyoming*, 715 P.2d 223 (Wyo.1986) is neither advisory nor nearly as narrow as the majority concludes.

The gravamen of the majority is based on the supposition that the statutes do not

*the decision thereon * * *.* (Emphasis added.)

grant express authority to rehear nor did the Board adopt any rules or regulations concerning a rehearing of conditional use permits. While the statutes do not explicitly provide for rehearing, the majority's view of the Board's rules is too restrictive and incorrect. In Chapter III entitled "Variances and Appeals," the post hearing requirements are set out in Sections 3 and 4 and provide:

b. Unless otherwise stated in the Board's minutes, all variance permits shall be valid for a period of six months. The case can then be reconsidered in its entirety, on petition or on the Board's own motion, and the previous decision left unchanged or modified as the Board sees fit.

c. All appeals from the decisions of the Board shall be in accordance with the Wyoming Administrative Procedure Act, Section 9–276.19—9–276.33, Wyoming Statutes of 1957, Compiled 1969.

Section 4. *Non-conforming Uses.* Variances considered under the non-conforming provisions of the Zoning Code shall follow the procedure outlined above. [Emphasis in original.]

The majority juggles semantics to find that a conditional use is not a variance because referenced in another rule to further the thesis that the Board has not adopted rehearing rules in this specific respect. However, Section 4 is explicit that the Section 3 procedure is applicable for non-conforming uses. While Section 40–28 of the Board's rules entitled "Procedure for Variances, Exceptions, Conditional Uses, and Home Occupation Complaints" is applicable, it does not answer the rehearing question; that section speaks only to the form of such petitions and does not vary nor contradict the general appeals provisions of Sections 3 and 4 of the rules. Moreover, the Board recognized the need for rehearing flexibility as evidenced in Section 2 of its rules which expressly allows reconsideration of decisions which are only taken under advisement.[1]

Clearly, the majority does not accept the inherent-authority rule, but melds the other two approaches together—the statutory requirement standard and the general power provisions—to derive a new compilation. While certainly unique, such a compromising perspective ignores the very issue before the court. I will not redebate the merit, desirability, or wisdom of the general power provisions approach as explained in my special concurrence in *Hupp* which did carry three judges' approval, except to point out that neither the Board nor the majority have referenced a single case even suggesting that law has changed in the two years since *Hupp* was published nor that the general law is different. See *I.C.C. v. Brotherhood of Locomotive Engineers,* 482 U.S. 270, 107 S.Ct. 2360, 96 L.Ed.2d 222, cert. denied —— U.S. ——, 107 S.Ct. 3209, 96 L.Ed.2d 696 (1987) and *West Penn Power v. EPA,* 860 F.2d 581 (3rd Cir.1988).

The Supreme Court of Mississippi in *Delta Drilling Co. v. Cannette,* 489 So.2d 1378 (Miss.1986), when faced with this issue in relation to whether a worker's compensation case should be reopened, stated many of the reasons for the general power approach.

We emphasize that the Commission is an administrative agency, not a court. It has broad discretionary authority to establish procedures for the administration of compensation claims. It has like authority to relax and import flexibility to those procedures where in its judgment such is necessary to implement and effect its charge under the Mississippi Workers' Compensation Act. It is a rare day when we will reverse the Commission for an action taken in the implementation and enforcement of its own procedural rules. Today is not such a day.

Id. at 1380–81. See also *Moschetti v. Board of Zoning Adjustment of City of Boulder,* 40 Colo.App. 156, 574 P.2d 874

---

**1.** Section 2 of the rules provides in part:

b. All cases taken under advisement will be reconsidered by the Board within ten days after the original public hearing and another public hearing will be conducted dealing specifically with the cases taken under advisement. Such meetings will be called to order by the Chairman and then the procedure outlined above shall be followed.

(1977) (where rehearing was proper even without specific statutory authorization for rehearing because the subject of the variance showed that the board's actions may have been taken in violation of the law); *Ranney v. Board of Appeals of Nantucket*, 11 Mass.App. 112, 414 N.E.2d 373 (1981) (where the board's view, of its own error concerning application for a special use permit, constituted a change of circumstances so board could hear second zoning application); *Henry v. Minnesota Public Utilities Com'n*, 392 N.W.2d 209, 214 (Minn.1986) (the rehearing decision was "lawful, practical, and served the public interest"); *Monaci v. W.C.A.B. (Ward Trucking)*, 541 A.2d 60, 63 (Pa.Cmwlth.1988) (rehearing could be granted "when justice requires"); *Evanick v. W.C.A.B. (Fisher Scientific Co.)*, 111 Pa.Cmwlth. 439, 533 A.2d 1137 (1987) (grant of rehearing was discretionary with board); and *Pennsylvania Mfrs. Ass'n Ins. Co. v. Com., Unemployment Compensation Bd. of Review*, 111 Pa. Cmwlth. 15, 533 A.2d 186 (1987) (decision to reopen is within board's discretion). Cf. 3 E. Yokley, Zoning Law and Practice § 18–10 at 186 (1979), which constrains rehearing authority to correction of errors "caused by fraud, surprise, mistake or inadvertence."

The timeliness of the Rosenbergers' notice of appeal can be unquestioned since it was well within the thirty days after the rehearing was denied. Further, the Rosenbergers' delay in filing the notice of appeal is well grounded in Wyoming precedent.

Rule 12.04, Wyoming Rules of Appellate Procedure, provides that if a rehearing is held in an administrative case, then the 30–day appeal period does not commence until the decision on rehearing is given to the parties through a written, certified notice. In other words, when an agency renders a second decision the full appeal period runs from the second decision, and an appealing party need not go back and calculate the days expended between the first decision and the date on which rehearing was granted to determine how many days he has left to appeal after the second decision. The same general rule is applicable to post-trial motion decisions in civil and criminal cases. Rule 2.01, W.R.A.P. It has also been held that where an administrative agency vacates a decision and enters the same decision subsequently, the time for taking an appeal begins to run from the date of the later decision. 73 C.J.S. Public Administrative Bodies and Procedure § 193, at 541 (1951). We find all of these situations analogous to the circumstances herein. It makes little difference whether the Board voluntarily vacated its own decision, or whether a court ordered it to do so—the subsequent entry of the same decision begins the appeal period anew. We hold that Hinckley's petition for review was timely filed.

*Big Horn County Com'rs v. Hinckley*, 593 P.2d 573, 582 (Wyo.1979). See also *Sky Lake Gardens Recreation, Inc. v. District Court of Appeal, Third Dist.*, 511 So.2d 293 (Fla.1987) (date of rendition for calculating time to appeal was date of disposition of motion to amend); *Gordon v. Richter*, 528 So.2d 374 (Fla.App.1987); and *Wakulla Wood Products v. Richey*, 465 So.2d 660 (Fla.App.1985). Cf. *Janelli v. Pagano*, 492 So.2d 796 (Fla.App.1986) (where notice of appeal from rehearing decision was truly untimely when filed more than thirty days from rehearing decision).

There is a further very practical reason why this decision is simply wrong in adjudicatory procedure. The Board granted a rehearing, held the rehearing, and then denied the rehearing. *The sole issue here is when does the notice of appeal time start.* W.R.A.P. 12.04 provides in pertinent part:

In a contested case, or in a noncontested case where a statute places a time limit on appeal, the petition for review shall be filed within thirty (30) days after written, certified notice to all parties of the final decision of the agency or denial of the petition for a rehearing, or, if a rehearing is held, within thirty (30) days after written, certified notice to all parties of the decision thereon, * * *.

This court cannot even agree whether the right to rehearing existed for this agency, although exercised historically in operational practice since administrative agen-

cies came to Wyoming. See *I.C.C.*, 107 S.Ct. 2360. The rule does not provide that if a litigant guesses one way, it may be after the original decision and if guessing another, that it is after the denied rehearing. Certainly reason and justice decree that if the agency grants a rehearing, rightly, wrongly, or with thoughtful indifference, that appeal time comes procedurally when the rule states that it does—after "denial of the petition for a rehearing, or, if a rehearing is held, within thirty (30) days after written, certified notice to all parties of the decision thereon, * * *." W.R.A.P. 12.04.

If the court wants appeal time to start by a different schedule, it should restate the rule for clarity and not obfuscate the subject with doubt by case decision. Procedural requirements for time scheduling should not be confused with substantive authority of the administrative agency.[2]

Justice Douglas in *United Gas Imp. Co. v. Callery Properties, Inc.*, 382 U.S. 223, 229, 86 S.Ct. 360, 364, 15 L.Ed.2d 284 (1965), reh'g denied 382 U.S. 1001, 86 S.Ct. 526, 15 L.Ed.2d 491 (1966) succinctly espoused concerning this rehearing issue that "[a]n agency, like a court, can undo what is wrongfully done by virtue of its order." While the majority fails to grasp the real issue, precedent, as well as this record, support the impropriety of the district court's dismissal of the notice of appeal as untimely.

Consequently, I would reverse, and respectfully dissent.

2. The engendered confusion can easily be illustrated. Assume that the Board, after hearing, immediately renders a decision and the contestant, just as effectively, moves for rehearing on the stated basis of fact, law and politics that the decision was senseless, absurd and irrational. The Board thereupon discerns that whether the attack is justified, the agency may or may not have authority either to reconsider or to rehear and would take the request for rehearing under advisement to visit with counsel, check the mood of the community and cogitate upon what the majority of the Wyoming Supreme Court stated in *Hupp.* Thirty days later, the decision on rehearing is made and entered to be: (a) no authority to rehear exists, and/or (b) on the merits, the rehearing would also be denied since originally sensible, valid and rational. Under W.R.A.P. 12.04 as a denial of rehearing, when did or does the thirty days start if the denial is or may be justified by a lack of authority to grant? Does the agency have the authority to determine whether it has the authority, and if it

exercises the authority by denial, what effect does that have on the commencement of time for appeal for judicial review of the substantive merits of the decision?

Further assume in different context that the petition for rehearing accurately and validly provides reasoning as sensible, valid and relevant in law and fact why the initial conclusion of the Board was arbitrary, capricious and abuse of discretion, otherwise not in accordance with law; contrary to constitutional right, power, privilege or immunity and in excess of statutory jurisdiction, authority or limitations and lacking statutory right, and as further adopted without observance of procedure required by law and unsupported by substantial evidence. Thoughtfully accepting the force of second consideration persuasion, the Board, thirty-one days later after the initial decision, grants the rehearing and reverses the decision, but in new decision does not satisfy either litigants so both determine to seek judicial review. When does the appeal time commence for each litigant?