NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2024 VT 20

No. 23-AP-247

| | |
|---|---|
| In re 2078 Jersey Street CU Reconsideration Denial (Town of Ferrisburgh, Appellant) | Supreme Court |
| | On Appeal from Superior Court, Environmental Division |
| | January Term, 2024 |

Thomas G. Walsh, J.

Kevin L. Kite of Carroll, Boe, Pell & Kite, P.C., Middlebury, for Appellant.

Kevin E. Brown of Langrock Sperry & Wool, LLP, Middlebury, for Appellee.

PRESENT: Reiber, C.J., Eaton, Carroll, Cohen and Waples, JJ.

¶ 1. **REIBER, C.J.** The Town of Ferrisburgh brings this interlocutory appeal, arguing that conditional-use-permit applicant 2078 Jersey Street, LLC failed to appeal a decision of the Town's Zoning Board of Adjustment (ZBA) within the requisite thirty days, and that the environmental court therefore lacks jurisdiction over the appeal. The court found that applicant's request for reconsideration with the ZBA tolled the appeal period under Vermont Rule of Appellate Procedure 4(b)(5) and that the subsequent appeal was therefore timely. Because we conclude that Appellate Rule 4(b)(5) is inapplicable in this context and that tolling does not otherwise apply under these circumstances, we reverse and remand with orders that applicant's appeal be dismissed.

I. Facts

¶ 2.    The following undisputed facts are drawn from the record and the parties' briefs. Applicant purchased a parcel of land in the Town of Ferrisburgh and began constructing an access road to an existing rock quarry on the property.  A neighbor complained and the ZBA issued a notice of violation to applicant, stating that the construction required a permit.  After the ZBA rejected its appeal of the notice of violation, applicant filed for a conditional-use permit.  Following a series of hearings, the ZBA ultimately denied the permit on May 20, 2022, concluding that construction of the road would substantially expand a nonconforming use of the property, in violation of local land use regulations.

¶ 3.    On June 15, 2022—twenty-six days after the permit denial—applicant mailed a request for reconsideration to the ZBA.  The thirty-day appeal period under Rule 5(b)(1) of the Vermont Rules of Environmental Court Proceedings elapsed on June 20, 2022, without applicant filing an appeal to the environmental court.  The ZBA did not take any action on the reconsideration request prior to the expiration of the time to appeal to the environmental court.  No local town rules were in effect regarding such a request for reconsideration.*

¶ 4.    Following the expiration of the appeal period under Environmental Rule 5(b)(1), the ZBA denied the request for reconsideration.  Citing a 1999 Environmental Court decision, the ZBA reasoned that it could only reopen a decision if it acted upon the request "prior to the expiration of the time for the appeal of the original decision."  In re Dunn, No. 2-1-98 Vtec, 1999 WL 34797243 (Vt. Env't Ct. Mar. 8, 1999).  Because the ZBA did not respond to the request for reconsideration until after expiration of the appeal period, it determined that it no longer had

---

*    The Town of Ferrisburgh has enacted land-use regulations, which describe the duties of the ZBA but contain no provisions regarding reconsideration requests.  See generally Land Use Regulations, Town of Ferrisburgh[,] Vermont (Mar. 2, 2021), https://www.ferrisburghvt.org/vertical/sites/%7BB16C9BC8-6A0C-4814-B183-6F54A75E8A13%7D/uploads/Final_Zoning_Bylaws_03022021_w_april_2021_map.pdf [https://perma.cc/GP9Y-96JA].

authority to reopen its decision. No local town rule required the ZBA to act within a set period of time upon the filing of a motion to reconsider.

¶ 5. Applicant filed a notice of appeal with the environmental court on July 15, 2022. In response, the Town moved to dismiss the case for lack of subject matter jurisdiction, arguing that applicant had failed to timely appeal. The court denied the motion, finding that, under Appellate Rule 4(b)(5), a request for reconsideration tolls the appeal deadline. The Town moved the environmental court for reconsideration and the court again denied the motion. In its written order, the court expanded on its reasoning, finding that the Town's reading of the law "would create an awkward and inefficient land use system" by requiring appellants to simultaneously file a request for reconsideration and a notice of appeal.

¶ 6. The Town then requested an interlocutory appeal, which we granted in August 2023. The sole question on appeal is whether the environmental court erred in concluding that applicant's request for reconsideration tolled the thirty-day appeal period.

## II. Legal Standard

¶ 7. Appeals from municipal zoning boards are governed by Subchapter 11 of Title 24, V.S.A. Under 24 V.S.A. § 4472(a), "the exclusive remedy of an interested person with respect to any decision or act" of an appropriate municipal panel is an "appeal to the Environmental Division . . . under section 4471 of this title." Section 4471(a), in turn, provides that appeals "from a decision of the appropriate municipal panel . . . shall be taken in such manner as the Supreme Court may by rule provide."

¶ 8. The Vermont Rules for Environmental Court Proceedings require that an appeal must be filed "within 30 days of the date of" the challenged decision. V.R.E.C.P. 5(b)(1). Our precedents make clear that the "[f]ailure to file timely notice of an appeal brought under § 4471 deprives the environmental court of jurisdiction over that appeal." In re Gulli, 174 Vt. 580, 583, 816 A.2d 485, 489 (2002) (mem.). Applicant did not bring an appeal to the environmental court

3

until July 15, 2022—more than thirty days after the May 20, 2022, decision. Therefore, unless the appeal period was tolled by applicant's June 15, 2022, request for reconsideration, the appeal was untimely and the environmental court lacks jurisdiction.

¶ 9. This Court reviews the "legal analysis underlying the trial court's denial of a motion to dismiss for lack of subject matter jurisdiction without deference, and its factual findings for clear error." Maghu v. Singh, 2018 VT 2, ¶ 10, 206 Vt. 413, 181 A.3d 518. We accept all uncontroverted factual allegations as true and construe them "in the light most favorable to the nonmoving party." Conley v. Crisafulli, 2010 VT 38, ¶ 3, 188 Vt. 11, 999 A.2d 677.

### III. Appellate Rule 4(b)(5)

¶ 10. The court below found that under Appellate Rule 4(b)(5), the filing of the request for reconsideration tolled the thirty-day appeal period. Appellate Rule 4(b)(5) provides that "[i]f a party timely files in the superior court . . . a [Vermont Rule of Civil Procedure] 59 motion to alter or amend the judgment," then the thirty-day appeal period does not begin until the court has ruled on the motion. The court noted that while Environmental Rule 5(b)(1) requires that appeals be filed "within 30 days," the rule allows for additional time if "the court extends the time as provided in [Appellate] Rule 4."

¶ 11. On appeal, the Town argues that the tolling provisions of Rule 4(b)(5) apply only to "V.R.C.P. 59" motions filed with "the superior court," not to municipal panel appeals. Because the request for reconsideration here was not a formal motion and was not filed with a court, Appellate Rule 4(b)(5) is inapplicable. The Town also suggests that the reference in Environmental Rule 5(b)(1) to extending the appeal period under Appellate Rule 4 refers not to the tolling provisions of Rule 4(b)(5), but instead to Rule 4(d), which provides a means to move for an extension of the time to file a notice of appeal. Because applicant did not file a motion under Rule 4(d), the Town argues that Rule 4 provides no relief.

4

¶ 12. We agree with the Town's reading of the rules. By its express terms, Rule 4(b) applies where "a party files in the superior court" any of the enumerated motions. Applicant here did not file anything with the superior court prior to its appeal. Furthermore, Appellate Rule 4(b)(5) applies to motions to alter or amend the judgment filed under Civil Rule 59, not to informal requests for reconsideration sent to a municipal panel. Civil Rule 59, in turn, only applies to actions that have been "tried" by a "court." While we have referred to zoning boards as "quasi-judicial bodies," Thompson v. Smith, 119 Vt. 488, 508, 129 A.2d 638, 651 (1957), they are not courts. Thus, Civil Rule 59 and Appellate Rule 4(b) are not, on their language, expressly applicable to these circumstances.

¶ 13. This conclusion is consistent with our decision in In re Hopkins Certificate of Compliance, 2020 VT 47, 212 Vt. 368, 237 A.3d 661. There, we considered an appellant's contention that his appeal of a temporary certificate issued by a local zoning board was sufficient to preserve the issue of the final certificate's validity. In rejecting that argument, we noted that Appellate Rules 4(a)(3) and (4), which govern premature appeals, were inapplicable in that context. Id. ¶ 15 n.3. We stated that Rule "4(a)(3) is 'applicable' to announcements of decision made by a 'superior court,' not a local zoning board of adjustment," and Rule 4(a)(4) was "inapposite" because "none of the motions enumerated in Rule 4(b) were filed." Id. Here too, based on the plain language of the appellate rules, Rule 4(b)(5) is inapplicable because no Civil Rule 59 motion was filed with the superior court.

¶ 14. This conclusion is also consistent with our interpretations of Appellate Rule 4(b) in the criminal context. There, we have repeatedly declined to apply the rule's tolling provisions to motions to reconsider because the rule refers to Civil Rule 59 motions, which have no equivalent in the criminal rules. See State v. Durham, No. 2015-106, 2015 WL 4643268, *2 (Vt. July 24, 2015) (unpub. mem.) (dismissing for lack of jurisdiction because "the rules do not provide for such a particular motion and there is certainly no mechanism under the rules to extend the appeal period

5

for resolution of one"); State v. Raymond, No. 2016-187, 2016 WL 6562408, *1 (Vt. Nov. 4, 2016) (unpub. mem.) (declining to apply tolling provisions because "nothing in the rules authorizes such motions").

¶ 15.     As the Town argues, the references in Environmental Rule 5(b)(1) to "Rule 4 of the Vermont Rules of Appellate Procedure" refer to Appellate Rule 4(d), not 4(b).  Environmental Rule 5(b)(1) speaks of the court "extend[ing] the time" to appeal, mirroring the language of Appellate Rule 4(d), which is labeled "Motion for Extension of Time to File Notice of Appeal." Rule 4(d) also lacks equivalent language to Rule 4(b) that would make it inapplicable to appeals from municipal panel proceedings.  All of this is consistent with Environmental Rule 5(a)(2), which states that the appellate rules govern only "so far as applicable."  See Hopkins Certificate of Compliance, 2020 VT 47, ¶ 15 n.3.

¶ 16.     The definitions offered in Environmental Rule 6 further support our conclusion. Rule 6(a)(1) states that "[t]he words 'court,' 'judge,' or similar terms, when used in these rules and in provisions of the Vermont Rules of Civil and Appellate Procedure incorporated in these rules shall mean the Environmental Division."  Similarly, Rule 6(b)(1) defines "Superior Court" as the "Civil Division of the Superior Court."  As we noted in Hopkins Certificate of Compliance, unlike the Rules for Family Proceedings, "the Environmental Rules do not provide that references to the superior court in the Appellate Rules should be construed as references to some other tribunal." 2020 VT 47, ¶ 15 n.3.  In fact, the environmental rules separately define the term "tribunal" to include any "board, panel, or other body from which an appeal lies," reinforcing the distinction between courts and municipal panels.  V.R.E.C.P. 6(a)(4).  Applying these definitions, the tolling procedures of Appellate Rule 4(b)(5) would only apply where a Civil Rule 59 motion is filed with the Civil Division of the Superior Court.  Since none of that occurred here, Appellate Rule 4(b)(5) does not toll the appeal deadline.  Cf. In re Maple Tree Place, 156 Vt. 494, 497, 594 A.2d 404, 406

(1991) (declining to apply APA to municipal panels because statutory definitions showed that Legislature did not have "municipal[] entities in mind").

¶ 17.    Neither our precedents nor the environmental court cases cited by applicant compel a different conclusion.  The closest we have come to applying the Appellate Rule 4(b)(5) tolling provisions in this context was in In re Beach Properties, Inc., 2015 VT 130, 200 Vt. 630, 133 A.3d 854.  There, in an appeal from an order of the Public Service Board, we dismissed for lack of subject matter jurisdiction because the "motion for reconsideration was untimely, and therefore did not effectively toll the thirty-day appeal period under Vermont Rule of Appellate Procedure 4(b)(5)."  Id. ¶ 8.  While this language might suggest that a timely motion for reconsideration would have tolled the appeal period, that issue was not presented by the facts.  Furthermore, that case is easily distinguished from the situation here in that the Public Service Board [now the Public Utility Commission] was governed by an entirely different statutory scheme, and it had promulgated specific rules governing reconsideration requests, under direct authorization from the Legislature.  See id. ¶¶ 6, 10.

¶ 18.    The environmental court cases cited by applicant similarly do not compel a finding that Rule 4(b)(5) applies here.  While some of the cases suggest that the timely filing of a request for reconsideration should toll the appeal period, others have required that the municipal panel notify the parties of a decision to reconsider "before the time has expired for an appeal of the original decision."  In re Woodstock Cmty. Tr., Inc., No. 263-11-06 Vtec, at 9 (Vt. Env't Ct. May 10, 2007) [https://perma.cc/FL6L-5735].  As noted, the ZBA here took no action on the request for reconsideration prior to the expiration of the appeal period.  Regardless, environmental court decisions are not binding on this Court, and given their lack of uniformity, we are unpersuaded that Appellate Rule 4(b)(5) should be applied here notwithstanding the clear language to the contrary.  Thus, we conclude that Rule 4(b)(5) did not toll the appeal period here.

7

## IV. Implied Tolling

¶ 19.   Having concluded that Appellate Rule 4(b)(5) does not apply to appeals from municipal panel decisions, we next consider whether tolling nevertheless exists as an implied corollary of our prior recognition of the inherent authority of municipal panels to reconsider their decisions.  We conclude that, under the facts here, it does not.

¶ 20.   As the environmental court has previously recognized, the question of whether to apply tolling in this context involves tradeoffs between goals of judicial economy and finality.  See e.g., Dunn, 1999 WL 34797243; Woodstock Cmty. Tr., No. 263-11-06 Vtec, at 9.  However, the environmental court has weighed these goals inconsistently, with older cases placing a greater emphasis on finality than more recent ones.  In Dunn, for example, the court held that the appropriate balance would be to allow a municipal panel to reopen a decision where "prior to the expiration of the time for appeal of the original decision," the ZBA votes to reopen and provides notice to the public and interested parties.  1999 WL 34797243.  Similarly, in Woodstock Community Trust, the environmental court stated that while a municipal panel is permitted to act sua sponte to reopen a decision, "it must decide to do so and notify the parties of the decision before the time has expired for an appeal of the original decision."  No. 263-11-06 Vtec, at 9. These cases thus prioritized finality by permitting municipal panel decisions to remain open only where the parties are notified prior to the time when the decision would otherwise be final.

¶ 21.   In contrast, in more recent cases, the environmental court has required only that the request for reconsideration be timely filed.  See Stewart d/b/a Premiere Homes of VT Subdivision Permit #04-69, No. 21-ENV-00007, 2021 WL 4498324, at *1 n.1 (Vt. Env't Ct. July 20, 2021) ("[T]he appeal period for the underlying decision is tolled by a proper request for reconsideration, and once a municipal panel has acted on the request one way or the other, this Court may take up a properly filed appeal on the merits of the application."); Punderson 2-Lot Subdivision, No. 106-10-18 Vtec, at 2 (Vt. Env't Ct. Mar. 29, 2019) [https://perma.cc/Q8RM-63QV] (holding that thirty-

day appeal period "is effectively tolled by an interested party's properly submitted request to reconsider the underlying decision" of a municipal panel). By eliminating the timing and notice requirements from Dunn and instead focusing solely on the timely filing of the request, these cases shift the focus away from finality and toward judicial economy. The environmental court's decision here was consistent with this latter line of cases, emphasizing the "awkward and inefficient land use system" that would result from adopting the Town's arguments.

¶ 22.   But in weighing the conflicting goals of judicial economy and finality, we do not start on a blank slate; instead, as we have repeatedly recognized, the Legislature has unambiguously set out a policy choice in favor of finality in municipal panel proceedings. On these facts, and in the absence of specific rules adopted by either the Legislature or the municipal panel, that choice is determinative.

¶ 23.   Section 4472(a) of Title 24, V.S.A., most clearly demonstrates this choice, stating that "the exclusive remedy of an interested person with respect to any decision or act taken, or any failure to act, under this chapter . . . [is] the appeal to the Environmental Division." (Emphasis added.) The statute binds "all interested persons" to any decision that is not appealed within the requisite period. Id. § 4472(d). Consistent with this goal, § 4474 grants presumptive effect to a clerk's certificate showing "the publication, posting, consideration, and adoption of a plan, bylaw, capital budget, or program," and § 4470 establishes a special procedure for municipal panels to quickly reject frivolous appeals or requests for reconsideration.

¶ 24.   Our cases have consistently recognized and enforced this legislative purpose. We have previously noted that "[t]he policy underlying the statute is evident: that there should, in fairness, come a time when the decisions of an administrative officer become final so that a person may proceed with assurance instead of peril." Levy v. Town of St. Albans Zoning Bd. of Adjustment, 152 Vt. 139, 142, 564 A.2d 1361, 1363 (1989) (quotations omitted). We have referred to § 4472 as containing "broad and unmistakable language" demonstrating the legislative intent

9

"to prevent <u>any</u> kind of collateral attack on a zoning decision that has not been properly appealed." City of S. Burlington v. Dep't of Corr., 171 Vt. 587, 588-89, 762 A.2d 1229, 1230 (2000) (mem). Furthermore, "[w]e have strictly enforced the exclusivity-of-remedy provision consistent with the evident legislative intent to require all zoning contests to go through the administrative review process in a timely fashion." Town of Sandgate v. Colehamer, 156 Vt. 77, 84, 589 A.2d 1205, 1209 (1990).

¶ 25. While we have previously recognized that zoning boards have some authority to reconsider their decisions, we have only done so in ways consistent with the need for finality. Thus, in Nash v. Warren Zoning Board of Adjustment, we determined that where a zoning board had issued an oral approval of a conditional use permit, but had not yet issued a final, written approval, it had the power to "reopen proceedings and reconsider a decision where new evidence is submitted." 153 Vt. 108, 114, 569 A.2d 447, 451 (1989). Consistent with the prime importance of finality—and despite the plaintiff not directly raising the issue—we also considered whether principles of estoppel should apply against the zoning board to protect the plaintiff's justifiable reliance on the permit. Id. at 114 n.6, 569 A.2d at 451 n.6 (determining that plaintiff's reliance was not justified because she completed purchase of property "within the thirty-day appeal period"). And in Maple Tree Place, while we concluded that the superior court had the inherent authority to remand to a municipal panel to consider whether good cause existed to reopen a decision, we did so only in the context of a decision that had been timely and properly appealed. 156 Vt. at 502, 594 A.2d at 408.

¶ 26. Under the circumstances presented here—where the zoning board did not act on the request for reconsideration within the thirty-day appeal period and applicant did not file an appeal until more than thirty days had elapsed since the initial decision—permitting tolling based merely on the filing of a request for reconsideration would impede the goal of finality. As the Town notes, there is no formal mechanism in municipal panel proceedings for notifying other

10

parties of a request for reconsideration, and here, applicant did not provide any such notice. And nothing in the Town's local rules established any specific procedure for reconsideration requests. Absent contrary notice or applicable local rules, where a municipal panel grants a conditional use permit, thirty-one days after the approval, the permit applicant should be able to check the environmental court docket, see that no appeal was filed, and assume that the decision is therefore final. See 24 V.S.A. § 4472 (providing that appeal is the "exclusive remedy" and binding all interested parties to decisions not appealed). In justifiable reliance on the permit, the applicant could then begin construction. If, however, the filing of a request for reconsideration automatically tolled the appeal period, the applicant might begin construction only to find out months later that the decision is not in fact final. Conversely, where a conditional-use permit is initially denied, interested parties might justifiably rely on the denial in developing plans for their own properties, only to later learn of an unnoticed request for reconsideration that upsets those plans. Plainly, these scenarios do not comport with the Legislature's choice favoring finality.

¶ 27. We note that other state courts appear to be relatively evenly split on the question presented here. Emphasizing "a notion of judicial economy," some states have found that tolling must be applied to timely requests for reconsideration made with a zoning board. Boyce v. City of Scottsdale, 756 P.2d 934, 938 (Ariz. Ct. App. 1988); see also McPherson v. Zoning Bd. of Appeals, 699 P.2d 26, 29 (Haw. 1985); Longwell v. Hodge, 297 S.E.2d 820, 823 n.2 (W. Va. 1982). However, other state courts have rejected the idea that tolling should apply absent any directly applicable statutory authority. See Buck v. Zoning Bd. of Appeals & Bldg. Inspector of the Town of Shawangunk, Ulster Cty., 456 N.Y.S.2d 130, 131 (N.Y. App. Div. 1982); Kravitz v. Zoning Bd. of Adjustment, 202 A.2d 64, 65 (Pa. 1964); Rosenberger v. City of Casper Bd. of Adjustment, 765 P.2d 367, 369 (Wyo. 1988). Given the clear preference for finality expressed by our Legislature, we are unpersuaded that judicial economy requires tolling under these circumstances.

11

¶ 28. In reaching this conclusion, we do not decide whether tolling would apply if the municipal panel had adopted specific rules governing reconsideration requests. See Beach Props., Inc., 2015 VT 130, ¶ 6 (discussing Public Service Board's adopted regulations on motions for reconsideration). While some state courts have drawn distinctions on this basis, see Cardinali v. Town of Berwick, 550 A.2d 921, 921 (Me. 1988), we need not decide the impact such rules would have since the ZBA here had no rules governing reconsideration. Similarly, we do not decide if tolling would apply under different factual circumstances, such as if the ZBA had responded to the request within the thirty-day appeal period.

¶ 29. For these reasons, we conclude that the appeal period was not tolled by applicant's request for reconsideration. The tolling provisions of Rule 4(b)(5) are inapplicable here, and tolling does not otherwise apply under these circumstances. Accordingly, applicant's appeal to the environmental court was untimely and the court lacked jurisdiction to consider it.

Reversed and remanded.

FOR THE COURT:

_____

Chief Justice