Filed 03/28/25

VERMONT SUPERIOR COURT

Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org



Docket No. 25-ENV-00014

---

| | |
|---|---|
| Vermont Agency of Natural Resources, Plaintiff, <br><br> v. <br><br> Anna-Maria and Christopher Yates, and Harrison Concrete Construction, Inc., Respondents. | **DECISION ON MOTION** |

---

In this action, Respondents Anna-Maria and Christopher Yates (the Yates) have requested that the Court convene a hearing to consider an Administrative Order (the AO) issued against them and Respondent Harrison Concrete Construction, Inc. (Harrison Concrete) by the Vermont Agency of Natural Resources (ANR). ANR served both Respondents with the AO on February 6, 2025 and filed the AO with this Court on February 20, 2025. The Yates filed their request for hearing, which is dated February 18, 2025, with this Court on February 26, 2025. Harrison Concrete did not file a request for hearing. Presently before the Court is ANR's Motion to Deny Hearing Request. In response, the Yates have filed a motion for extension of time pursuant to V.R.A.P. 4(d)(1).

In this matter, the Yates are represented by Attorney Christopher Roy. Harrison Concrete is represented by Attorney Jesse Bugbee. ANR is represented by Attorney Kane Smart.

## Discussion

Upon issuance of an AO by the Secretary of ANR, "[a] respondent or the Attorney General may request a hearing." 10 V.S.A. § 8012(a). Notice of a request for hearing must be filed with the Environmental Division and the Secretary and "shall be filed within 15 days of receipt of the order."[1] Id.; § 8012(c). When an AO is filed with this Court, properly served on a respondent, the respondent

---

[1] The Court is aware of a discrepancy between 10 V.S.A. 8012(a) and V.R.E.C.P. 4(d)(2). Specifically, Rule 4(d)(2) identifies only a 14-day period in which to request a hearing. This one-day difference is not determinative of the outcome of this proceeding.

1

does not request a hearing, and the AO otherwise meets the requirements of Chapter 201 of Title 10, the Court is required to sign the AO. 10 V.S.A. § 8008(d)(1)(A)-(C).

This Court strictly applies the 15-day period for filing a request for a hearing pursuant to 10 V.S.A. § 8012(c). ANR v. Powers, No. 71-6-19 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Sept. 17, 2019) (Walsh, J.).[2] This statutory time-period imposed by the Legislature is a jurisdictional prerequisite to the Court's ability to proceed to a hearing on a properly issued administrative order. Land Use Panel of the Nat. Res. Bd. v. Plczek, No. 154-8-09 Vtec, slip op. at 7 (Vt. Envtl. Ct. Nov. 25, 2009) (Wright, J.). An administrative order is effective upon receipt, and a request for hearing must be filed with this Court prior to the expiration of the 15-day period. 10 V.S.A §§ 8008(a), 8012(a).

Here, the AO was served on the Yates on February 6, 2025. The 15-day period to request a hearing expired on February 21, 2025. The Yates did not file a request for hearing with this Court until February 26, 2025. Accordingly, the Yates did not timely request a hearing.

To remedy the late filing, the Yates have filed a motion for extension of time to file their request for hearing pursuant to V.R.A.P. 4(d).[3] V.R.A.P. 4(d) deals specifically with motions for an extension of time to file a notice of appeal. While the request for hearing is a jurisdictional prerequisite, and therefore, somewhat analogous to a notice of appeal, it is not the same as a notice of appeal, and therefore V.R.A.P. 4(d) is not applicable.

The current proceeding concerns our original jurisdiction over the AO. This is not an appeal in which a notice of appeal has been filed. Accordingly, V.R.A.P. 4(d) is plainly inapplicable to Respondents' request for hearing. This is consistent with the Vermont Supreme Court's prior interpretation of the scope and applicability of the Appellate Rules. See e.g., In re 2078 Jersey Street, 2024 VT 20, ¶¶ 12–14 (concluding that by its plain language, V.R.A.P. 4(b) does not apply to motions for reconsideration filed before a municipal panel). Like Jersey Street, there is no express indication that V.R.A.P. 4(d) extends to a request for hearing over an administrative order. Absent such express

---

[2] Counsel for the Yates argues that Powers has limited precedential value because it is not available on Westlaw or the Judiciary's website. Notwithstanding this fact, we note that this Court has consistently explained the jurisdictional implications of a request for hearing. ANR v. Mountain Valley Marketing, Inc. et al, No. 41-2-02 Vtec, slip op. at 7 (Vt. Envtl. Ct. Sept. 13, 2006) (Wright, J.); ANR v. Earle, No. 145-10-11 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Dec. 7, 2011) (Durkin, J.); Powers, No. 71-6-19 Vtec, slip op. at 1 (Sept. 17, 2019)(Walsh, J.). In fact, this is an area in which every judge presiding over matters in this Court has agreed. In the future, if counsel is unable to locate a decision cited by an opposing party, they need only call the Court or opposing counsel for a copy of the relevant decision.

[3] This motion was filed three weeks after the request for hearing was filed.

language of intent, we decline to extend V.R.A.P. 4(d) to requests for hearing on an Administrative Order.

The appropriate mechanism for requesting an extension of time to file a request for hearing is through V.R.C.P. 6(b). Rule 6(b) provides that "[w]hen an act must be done within a specified time, the court may… extend the time… on motion made after the time has expired if the party failed to act because of excusable neglect." V.R.C.P. 6(b)(1)(B). Thus, we review Respondents' request for an extension of time by applying the standards for excusable neglect.

To determine whether excusable neglect exists, "we consider 'the danger of prejudice to the [nonmovant], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" In re Laberge Shooting Range, 2018 VT 84, ¶ 14, 208 Vt. 441 (quoting In re Town of Killington, 2003 VT 87A, ¶ 16, 176 Vt. 60). As the Vermont Supreme Court explained in Killington, "the appropriate focus is on the third factor: the reason for delay, including whether it was within the reasonable control of the movant." In re Town of Killington, 2003 VT 87A, ¶ 16 (citation omitted).

The Yates argue that the reason for the delay was due to their pro se status[4] and an untimely delivery by the post-office. These reasons are unavailing. The request for hearing was mailed only two days prior to the expiration of the 15-day deadline. The time for mailing the request for hearing was entirely within the Yates' control, and there are other methods of filing materials with this Court which do not rely on post-office delivery. A mere expectation of timely mail delivery does not constitute excusable neglect. In re Estate of Edwards, No. 2019-207, slip op. at 2 (Vt. Jan. 6, 2020) (unpublished entry order).[5] Similarly, a party's pro se status does not absolve them of the obligation

---

[4] As ANR points out, the Yates had either retained or communicated with counsel throughout this process. See Exhibits C, D to ANR's Reply in Connection with Motion to Deny Hearing Request, filed March 26, 2025. Indeed, ANR's counsel communicated with the Yates' present counsel via email regarding this matter approximately one month prior to service of the AO on them. This situation is analogous to In re K.S., 2021 VT 51, in which the Appellant claimed she was pro se but had in fact been represented by counsel. In re K.S., 2021 VT 51, ¶ 15. Accordingly, we do not give much weight to the Yates' argument that their failure to timely request a hearing was related to their status as unrepresented parties.

[5] Although the Edwards case involved a notice of appeal placed in the mail one business day prior to the appeal deadline, the Court similarly finds that, in the absence of objective facts or a guarantee by the post office, it is unreasonable to expect in-state, first-class mail, sent via USPS, to be delivered within two days. Indeed, there have been numerous media reports of delays and disruptions in Vermont mail delivery by USPS over the last several years. See e.g., https://vtdigger.org/2023/02/17/vermonts-congressional-delegation-urges-top-us-postal-officials-to-address-statewide-mail-delays/; https://www.vermontpublic.org/podcast/brave-little-state/2024-11-07/the-postal-service-is-struggling-in-vermont-communities-are-rallying-to-save-it; https://www.wcax.com/2025/02/27/sen-welch-warns-consequences-usps-changes/.

to file a timely request for hearing.  See <u>In re Summer Point CU Appeal</u>, No. 21-ENV-00105, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Aug. 30, 2022) (Walsh, J.) (explaining that an appellant's pro se status and misunderstanding of the appeals deadline did not constitute excusable neglect or good cause). For these reasons, we conclude that the reasons for the delay were entirely within the Yates' control, such that their untimely filing is not attributable to excusable neglect.[6]

Because we conclude that the reason for the delay was entirely within the Yates' control, we need not consider the other factors of the excusable neglect analysis.

To conclude, the Yates' motion for an extension of time pursuant to V.R.A.P. 4(d) is inapplicable to requests for hearing under 10 V.S.A. § 8012, and instead V.R.C.P. 6(b)(1)(B) is the relevant procedural rule.  Notwithstanding this fact, the reasons for the untimely request do not justify an extension under the high standard for excusable neglect, which would be relevant under either procedural rule.  The Legislature has articulated a process for prompt resolution of environmental enforcement matters.  The Yates have failed to demonstrate sufficient justification for granting an extension of these statutory deadlines.  Accordingly, the Motion for Extension of Time to File a Request for Hearing is **DENIED**.  ANR's Motion to Deny Hearing Request is **GRANTED**.  The Court shall sign the AO.

Electronically signed on March 28, 2025, pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division

---

[6] We similarly believe that these reasons would not constitute good cause for extending the time to file a request for a hearing.  This is because good cause refers to situations in which there is no fault on the part of the movant. Reporter's Notes—2006 Amendment, V.R.A.P. 4.